**Randy Lee GAUTT, Appellant,**

v.

**The STATE of Oklahoma,**
**Appellee.**

**No. F–75–679.**

Court of Criminal Appeals of Oklahoma.

June 21, 1976.

OPINION

BLISS, Judge:

The Appellant, Randy Lee Gautt, hereinafter referred to as defendant, was charged, tried before a jury and convicted of the offense of Robbery with a Dangerous Weapon in the District Court of Oklahoma County, Case No. CRF–75–135. Punishment was assessed at a term of five (5) years under the direction and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in conformance with the verdict

the defendant has perfected his timely appeal.

Briefly stated, the evidence adduced at trial is as follows, to-wit: Kenneth Peterson testified that on the 5th day of January, 1975, at approximately 8:45 A.M., he, the defendant and two other individuals stopped at Little Jim's Grocery in Oklahoma City so that the witness could purchase a package of cigarettes. Shortly after the witness entered the store the defendant came in, brandished a firearm and demanded money from the clerk. He then left the store with the money while Peterson remained inside the store waiting on his change. The clerk asked him if he saw the robbery and Peterson stated that he had. In response to the clerk's request for his name as a witness, Peterson gave the clerk an alias "Jim Taylor" because he didn't want to get involved. Subsequently, the defendant came back in the store and stated "Let's go" and the witness left with the defendant. Thereafter they drove to the home of a former employer where the witness got out. Peterson stated that he did not know the defendant was going to rob the store. On cross-examination, Peterson stated that he, the defendant and two others had been riding around Oklahoma City for approximately two (2) hours before they stopped for him to get cigarettes. He further stated that he was in the store five (5) to six (6) minutes, that he had never seen the gun prior to the time the defendant came in the store, that he never saw the gun again, that he never shared in the proceeds of the robbery, that he was never charged with the crime and that he didn't report it to the police since his mother advised him not to get involved.

Wayne N. Smith then testified that on the day in question he was employed as the cashier at Little Jim's and was the only employee in the store during the robbery. He further stated that at approximately 8:45 A.M. Peterson came in to purchase a package of cigarettes and was waiting for his change when another man with a small revolver entered and demanded money. Smith gave him the cash on hand and the robber left while Peterson remained in the store waiting on his change. Smith asked Peterson for his name and then gave him his change. The robber then came back in and told Peterson to come outside. Smith then stated he believed he could identify the defendant as the man who robbed the store. After an evidentiary hearing concerning a lineup procedure, Smith then testified that approximately a week after the robbery he attended a lineup at the police department and identified one of the lineup participants as the man who robbed him. During cross-examination Smith stated that he could not positively identify the defendant as the man who robbed him but he was absolutely positive that the man he identified during the lineup was the man who committed the offense. The State then rested.

The defense then called Mervel Holeman, the defendant's stepfather, who testified that on the date in question he was at his sister's home getting ready to attend a funeral in Hugo, Oklahoma, and that at approximately 8:45 A.M. the defendant came by and was still there when the witness left for Hugo at approximately 10:00 A.M.

Marlin Ray Gate then testified that on the date in question, he and his wife, Holeman's sister, were preparing to attend a funeral. At approximately 9:00 A.M. he observed the defendant working on a car in his driveway and the defendant was with Mervel Holeman.

Imogene Gate then testified that she first saw the defendant at her home at approximately 9:00 A.M. on the morning in question. She further stated that she did not observe him drive up that morning. The defense then rested.

As a rebuttal witness the State called Oklahoma City Detective Claude Shobert

**1152**

who tesified that on the 12th day of January, 1975, he conducted a lineup in which a robbery victim by the name of Wayne Smith viewed certain persons. He further stated that Smith picked the defendant out of the lineup as the person who committed the robbery. Shobert further testified that the defendant had changed his appearance "some" since the lineup.

The defendant's sole assignment of error urges that the trail court committed reversible error in failing to instruct the jury concerning the legal definition of an accomplice and the statutory rule on corroboration of accomplice testimony. We believe the contention has merit. From an examination of the record as a whole it is apparent that the jury might have found that Peterson was in fact an accomplice. However, in light of the entire record in this case we do not believe the failure to give the accomplice instructions amounts to reversible error. As in *Stidham v. State*, Okl.Cr., 507 P.2d 1312, the record as a whole reflects an abundance of evidence, entirely independent and free from the testimony of Kenneth Peterson to warrant the jury finding the defendant guilty of the crime charged. Corroborative evidence far in excess of the most stringent interpretation that could be given 22 O.S.1971 § 742 was presented by the State through the testimony of Wayne Smith and Detective Shobert. It is our opinion, therefore, that the error complained of amounts to harmless error under the provision of 20 O.S. 1971, § 3001, and *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. The defendant's sole assignment of error is without merit.

From an examinination of the entire record it is our opinion that the defendant received a fair and impartial trial before a jury that no material right of the defendant was prejudiced and the judgment and sentence appealed from, should be, and the same is hereby AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.