Ray Edward SMITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–584.

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1979.

George W. Butner, Wewoka, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Ray Edward Smith, hereinafter referred to as defendant, was charged

in the District Court, Seminole County, Case No. CRF–76–44, with Uttering a Bogus Check, in violation of 21 O.S.1971, § 1541.3 and 21 O.S.Supp.1977, § 1541.4. The case was tried to a jury and a guilty verdict was returned. Punishment was assessed at ten (10) years' imprisonment. From judgment and sentence defendant has perfected an appeal to this Court.

Inasmuch as we are reversing this case, it is only necessary to briefly recite the facts. The State's case in chief consisted of the testimony of four witnesses, as well as several documentary exhibits. Loyd Brown, Cashier of the First State Bank of Seminole, stated that on April 4, 1976, defendant opened a checking account in the bank and deposited in the account a $50.00 check payable to First State Bank, drawn upon the Security State Bank of Wewoka. Mr. Brown stated that the defendant presented a First State Bank deposit slip, State's Exhibit No. 2, filled out in the name of R. E. Smith, reflecting a $50.00 deposit. Mr. Brown further testified that in his presence defendant signed a signature card with the name of R. E. Smith, State's Exhibit No. 1. Mr. Brown further identified State's Exhibit No. 3 as a check made payable to "Ralph's" in the amount of $21.33, which was signed R. E. Smith, and which was not honored due to insufficient funds. State's Exhibit No. 3 is the subject of the instant case. Additionally, Mr. Brown identified State's Exhibit No. 4 as a check made payable to "U–Totum" in the amount of $7.89, signed R. E. Smith. It too was dishonored. Both checks were dated April 5, 1976. Mr. Brown stated that in his opinion the person who signed State's Exhibit No. 1, the signature card, also signed the checks.

Ralph Curry, manager of Ralph's I.G.A. grocery store in Seminole, testified that on April 5, 1976, the defendant presented State's Exhibit No. 3 in payment for goods. Mr. Curry stated that the defendant first presented the check to a cashier and at the cashier's request the witness "okayed" the check, although he did not examine it. Subsequently, the check was twice dishonored for insufficient funds.

Michael Paul Haskins testified that on April 5, 1976, he was a clerk for U-Totum in Seminole and that the defendant used State's Exhibit No. 4 in payment for gasoline and beer. Mr. Haskins stated that he observed the defendant sign the check.

Mrs. Roy Edward Smith testified that she lived in Seminole and that she was not related to the defendant. She further testified that she did not have an account at the First State Bank of Seminole. In court, she examined State's Exhibit Nos. 3 and 4, the checks. She stated that the address written on the checks below the signature of R. E. Smith, Route 1, Seminole, was the former mailing address of her son, Roy Edward Smith, Jr. She further testified that the telephone number written below the address, 382–2577, was her telephone number.

The defendant's only witness was Bruce Plank, a forensic document examiner with the Oklahoma State Bureau of Investigation. He stated that he personally observed defendant write defendant's exhibits numbers 3 and 4, two handwriting exemplars. Further, he testified that he obtained nine other known examples of the defendant's handwriting. After examining these, the signature card, deposit slip, and the checks it was his opinion that the person who wrote the checks was the same person who signed the signature card and filled out the deposit slip; however, it was also his opinion that the defendant did not write the checks, the signature card, or the deposit slip.

On the 12th day of July, 1977, a hearing was held in the Seminole County District Court, the Honorable Rudolph Hargrave presiding. The purpose of the hearing was to inquire into the merits of defendant's motion for new trial on the grounds of newly discovered evidence. At this hearing a stipulation was entered into between the defendant and the State, the substance of which was as follows: that if Mr. Billingsley were called he would testify that he was employed with the Security State Bank of Wewoka and that the defendant had several accounts there; further, that he searched the bank records relative to the time in

question, and "there was not a check presented to the Security State Bank on the account of Ray Edward Smith or his grandmother on the dates in question and that no $50.00 check [has] cleared that account or that bank in any account that Mr. Smith has had, has now or has ever opened or ever had in the Security State Bank."

The defendant also presented the testimony of Lieutenant Jim Downing of the Seminole Police Department, who stated that he was the investigating officer in this case. Sometime after trial Lieutenant Downing came into possession of a photograph taken in Humpty Dumpty store # 64 in Shawnee, Oklahoma. The photograph, which was introduced into evidence, depicts a man and a check. Lieutenant Downing stated that the man resembled the defendant, that the check was signed "R. E. Smith, Route 1, Seminole," and that it was one of a sequence of checks passed between April 5 and April 8, 1976. Further, he testified that the writing on the check in the picture was similar to the writing on the checks alleged to have been passed by defendant.

■ We are of the opinion that the defendant's motion for new trial on the grounds of newly discovered evidence should have been granted. Title 22 O.S. 1971, § 952, states in part:

"A court in which a trial has been had upon an issue of fact has power to grant a new trial when a verdict has been rendered against a defendant by which his substantial rights have been prejudiced, upon his application in the following cases only:

\* \* \* \* \* \*

"Seventh. When new evidence is discovered, material to the defendant, and which he could not with reasonable diligence have discovered before the trial, . . . ."

■ It is also a requirement that the evidence cannot be cumulative in nature, and it must be such that there is a reasonable probability that had the evidence been introduced at trial a different result would

have been reached. *Lemmon v. State*, Okl. Cr., 538 P.2d 596 (1975).

After reviewing the record herein, it is apparent that all of the requirements for a new trial based upon newly discovered evidence have been satisfied.

The judgment and sentence is, therefore, *REVERSED* and *REMANDED*.

BUSSEY, J., concurs.

CORNISH, P. J., concurs in results.