**Thomas Leroy JOHNSTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–152.**

Court of Criminal Appeals of Oklahoma.

Dec. 22, 1983.

---

Harry A. Woods, Jr., Crowe & Dunlevy, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., John O. Walton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Thomas Leroy Johnston was convicted by a jury in Oklahoma County District Court of Rape in the First Degree, Oral Sodomy, and of Kidnapping for the Purpose of Extorting Sexual Gratification. Punishment was assessed as fifty (50) years' imprisonment on each count, to run concurrently, and he appeals.

On the evening of October 9, 1981, at approximately 8:30 p.m., the victim, T.R., completed her assignments as the cashier of a cafeteria located at Southeast 15th and Air Depot in Midwest City. T.R. entered her automobile in the unlit parking lot. Suddenly, a man walked in front of her vehicle and came to the window and spoke with her. Their conversation lasted about ten minutes. As she turned her head preparing to leave, she felt a sharp metal object placed against her neck by the man. He forced his way into T.R.'s automobile and ordered T.R. to keep her head down on the seat. The man drove the automobile a short distance to a secluded spot, requiring T.R. to sodomize him as they traveled, and then raped and sodomized T.R. The assailant drove the automobile a short distance and fled on foot in the direction of the parking lot where T.R. had been abducted. T.R. immediately drove to the local police station, giving a description of her assailant and recounting the details of the assault to police officers. She identified the defendant as her assailant during the second photographic lineup that she observed, and again at a live lineup, as she did also at trial.

Appellant first asserts as error the trial court's refusal to suppress the pretrial and courtroom identification of defendant by T.R. Appellant asserts that the identifications were the product of impermissible suggestiveness. We held in *Carroll v. State*, 568 P.2d 324, 326 (Okl.Cr.1977), that to determine whether pretrial identification procedures followed by police investigators violate due process, the totality of the circumstances must be considered to see if they created a "very substantial likelihood of irreparable misidentification."

In the instant case, T.R. gave the police a description of her attacker on the evening of the assault. She stated that he was six feet or six feet one inch tall. He had dark brown hair, hazel eyes, was clean shaven, and was about 26 or 27 years old. Appellant is five feet ten inches tall, dark brown hair, hazel eyes, 33 years old, and provided evidence that he may have had a beard on October 9, 1981. T.R. was shown within a few weeks of the attack a set of five or six photographs of men who generally fit the description she gave to police. She failed to identify any of these. The investigating officer again showed her a set of photographs which then included a photo of appellant sometime in early November, 1981. At this time, she identified appellant. She later identified appellant at a standup lineup. She also identified the shoes appellant wore when arrested as those she had tried to describe to the officer earlier and of which she had supplied an advertisement picture of similar shoes.

■ Appellant claims the second photographic lineup was too suggestive because T.R. may have been told that a new photograph was included of a man in custody, and because the other pictures were obviously older. Also, he claims the standup lineup was too suggestive because the other men did not have hazel eyes as did appellant and their ages varied from his. We have carefully reviewed the photographs shown to T.R. and that of the participants

in the standup lineup and fail to find such improper suggestiveness to exclude the subsequent in-court identification. The guidelines we considered are those we adopted from *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), including:

> (1) the prior opportunity to observe the alleged criminal act; (2) the existence of any discrepancy between any prelineup description and the defendant's actual description; (3) any identification of another person prior to the lineup; (4) the identification of the defendant on a prior occasion; (5) failure to identify the defendant on a prior occasion; and, (6) the lapse of time between the alleged act and the lineup identification.

*McDaniel v. State,* 576 P.2d 307, 309 (Okl. Cr.1978). We find that the lineup and T.R.'s in-court identification of appellant pass muster under our guidelines adopted to determine independent indicia of reliability. T.R. never wavered in her identification of appellant as her assailant. The description she gave to police the night of the attack was a rather good description of appellant, especially viewing the composite drawing made at the police station that night. The discrepancies were not that great. Neither were the differences between appellant and the other men in the lineups. And, although appellant was not abducted from a well lighted area, she spent about forty-five minutes with him and was aided by moonlight and the vehicle's overhead light in viewing the assailant. T.R. appeared to have altered her testimony since the preliminary hearing because now on cross-examination when asked whether the police officer told her that he thought they had captured her assailant and had just taken his picture which was added to the second photographic lineup, she denies that the police officer made these remarks though initially she agreed that he had. She confessed that she was confused by this line of questioning at preliminary hearing, and had thought defense counsel meant something else when she gave affirmative answers. The police officer who showed her the photographs and standup lineup also denied having made

such remarks. This assignment of error is without merit.

Next, appellant contends that the charges against him should have been dismissed at the conclusion of the preliminary hearing for lack of probable cause. 22 O.S.1981, § 264. His primary complaint is that there was insufficient evidence to show that the sexual intercourse was against T.R.'s will or resisted by her. We find this proposition meritless. The transcript of T.R.'s testimony at the preliminary hearing is replete with her statements describing how her assailant held against her neck a "sharp metal object" throughout the course of the attack. She also asked her assailant to get out of her vehicle.

■ The resistance which must be exerted by a rape victim depends on the "age, strength, surrounding facts, and all attending circumstances [that] make it reasonable for her to do in order to manifest her opposition." (Citations omitted.) *Haury v. State,* 533 P.2d 991, 995 (Okl.Cr.1975).

■ We think that T.R.'s conduct manifested the opposition which reasonably could be expected under the circumstances. Though she was not able to observe the object the assailant put to her neck, she could feel its sharpness and described markings left on her neck by its placement against the skin. Being weaponless, it's unlikely that she could have overpowered her assailant, and could not be expected to do so.

As his third assignment of error, appellant claims the trial court should have sustained his demurrer to the evidence which he lodged at the close of the State's evidence. His primary contention in this regard is that T.R.'s testimony was so inconsistent, improbable, incredible, contradictory, and thoroughly impeached that it was unworthy of belief and insufficient to support a conviction. Appellant points out a number of areas in T.R.'s testimony that appear to be contradictory, which, if read in context and compared with the questions asked, do not amount to real and substantial discrepancies.

■ We held in *Gamble v. State,* 576 P.2d 1184, 1185–86 (Okl.Cr.1978) that:

> to authorize reversal of a conviction for rape on the grounds that the evidence is too inherently improbable to support a conviction, the improbability of the prosecutrix' testimony must arise from something other than just the question of her believability. The testimony must be of such contradictory and unsatisfactory nature, or the witness must be so thoroughly impeached, that the reviewing court must say that such testimony is clearly unworthy of belief and insufficient as a matter of law to sustain a conviction.

In the instant case, the prosecutrix' testimony remained relatively consistent from the time she just reported the incident to police officers the evening of the attack, until cross-examined at trial. She added some details at trial which she had previously failed to relate, and even hedged in details about which she previously had been more certain. But basically, her description of the attack and the attacker remained consistent. She never identified anyone other than appellant as her assailant, and never failed to identify him as the culprit. Also, her testimony was corroborated somewhat by the testimony of Mary Askew who also saw a person she identified as appellant in the parking lot where T.R. was abducted from shortly before the crimes occurred. Appellant's assignment wholly fails.

■ Next, appellant urges that reversal is required because an exhibit went to the jury which contained prejudicial matter and which had not been introduced at trial. The document was a police report compiled by the investigating officer. It mentioned that appellant was in custody as a suspect on another rape charge when T.R. identified him by photograph and by live lineup as her assailant. While the report was marked as "Defendant's Exhibit 18," it was never introduced by defense counsel. It was used several times by defense counsel throughout the course of the trial, and eventually was taken by the bailiff to the jury during deliberations along with 80 pieces of evidence.

■ This error was raised in appellant's motion for new trial, and a hearing was held at which several jurors testified. The foreman testified that he was 99% certain that the jury did not discuss this report until a vote of guilty was made on each count. Another juror testified that he was certain of this fact.

Title 22 O.S.1981, § 952 provides in part: A court in which a trial has been had upon an issue of fact has power to grant a new trial when a verdict has been rendered against a defendant by which his substantial rights have been prejudiced, upon his application in the following cases only:

. . . . .

Second. When the jury have received any evidence out of court, other than that resulting from a view of the premises.

Appellant asserts that the statute dictates automatic reversal when it is violated. Further, he contends that it is the prosecutor's duty to police documents going to the jury so that it does not receive such evidence, citing *Waide v. State,* 13 Okl.Cr. 165, 162 P. 1139 (1917). We held in *Edwards v. State,* 637 P.2d 886 (Okl.Cr.1981), that reversal is not required unless there is a reasonable possibility the prejudice could have resulted from the jury's examination of the evidence. In that case we found that it had not because the information in the documents wrongfully submitted to the jury had been fully explored at trial. *Id.* at 887. In the instant case, we have the testimony of two jurors who testified that the report was not considered prior to determinations of guilt on the charges. The trial judge considered this testimony and granted appellant a new trial as to punishment. A second jury then assessed punishment of fifty (50) years' imprisonment on each charge, as opposed to ninety-nine (99) years' imprisonment on each count as recommended by the first jury. Thus, any possible harm was rectified by the trial court. Furthermore, defense counsel is not absolved of all responsibility for what evidence reaches a jury, *see Henderson v. State,* 490 P.2d 786 (Okl.Cr.1971), and the

prosecutor does not bear sole responsibility, *see Thomas v. State,* 13 Okl.Cr. 418, 164 P. 995 (1917).

■ Appellant asserts that the trial court erred in failing to grant his motion for new trial on the ground of newly discovered evidence. 22 O.S.1981, § 952(7). He offered by affidavit evidence that a certain witness could testify that she met appellant for the first time the day after the crime occurred and that appellant had a full beard at that time. T.R. testified that her assailant only wore a mustache. Appellant claims that his girlfriend recalled their acquaintance with the potential witness only after the trial ended. He also claims that this witness' testimony is different from that of his seven other witnesses who testified at trial that he had a beard on the day of T.R.'s assault because this witness had never seen him before October 10, 1981, and never saw him afterwards. He argues that this witness would have a clear memory of his appearance on that date. However, we think the evidence would be merely cumulative and would not change the result at trial. *Smith v. State,* 590 P.2d 687 (Okl.Cr. 1979). We do not find an abuse of the trial court's discretion which would justify reversal. *Thompson v. State,* 541 P.2d 1328 (Okl. Cr.1975).

As appellant's sixth assignment of error it is noted that the trial court allowed the State to call a witness on rebuttal who had not been endorsed prior to trial. Appellant's motion to require the State to endorse all witnesses to be used at trial had been sustained prior to his trial by a district judge other than the trial judge. The statute which requires such endorsement is 22 O.S.1981, § 303.

The witness in question is Mary Askew, a police officer who had investigated a vehicular accident in the parking lot from which T.R. was abducted. She had returned to the parking lot about 8:00 p.m. on October 9, 1981, to complete her accident report. She testified that when she entered the parking lot that evening she was hailed by a man she identified as appellant who was standing in front of a club in the same lot.

She was called at trial as a rebuttal witness for the State, stating that the appellant matched the description given by T.R. and that appellant was clean shaven except for a mustache.

■ This Court has long held that rebuttal witnesses need not be endorsed. *Martin v. State,* 596 P.2d 899 (Okl.Cr.1979); *Boydston v. State,* 79 Okl.Cr. 172, 152 P.2d 701 (1944). The State's failure to endorse this witness did not violate 22 O.S.1981, § 303 though this witness' testimony could have been given in the State's case in chief. *Mills v. State,* 594 P.2d 374 (Okl.Cr.1979). We do not think the district judge who sustained appellant's motion was ordering disclosure of witnesses not required by law, and we therefore find this assignment is meritless.

■ Next, appellant urges that the information is deficient in stating facts to show that the offense of oral sodomy occurred. The language used is:

On or about the 9th day of October, 1981, A.D., the crime of oral sodomy was feloniously committed in Oklahoma County, Oklahoma, by Thomas Leroy Johnston who wilfuly, unlawfully and feloniously committed the detestible and abominable crime against nature with one T.R., by having unnatural and carnal copulation by mouth with T.R.; contrary to the provisions of Section 886 of Title 21 of the Oklahoma Statutes.

We have previously held that an information "charging the commission of the crime against nature, in the language of the statute, with a person named, is sufficient." *Johnson v. State,* 380 P.2d 284, 291–92 (Okl. Cr.1963). We hold that the information adequately notified appellant of the charge; "it is unnecessary to go into the loathsome and disgusting details thereof." *Berryman v. State,* 283 P.2d 558, 562 (Okl.Cr.1955), quoting *State v. Whitmarsh,* 26 S.D. 426, 128 N.W. 580, 581 (1910).

■ Appellant assigns as error the trial court's refusal to give the jury his requested cautionary instruction regarding identification. We find no error because none of

**850** 

the conditions existed which we have previously held to make such an instruction appropriate. We noted in *Williams v. State,* 648 P.2d 843, 844 (Okl.Cr.1982), quoting *Richardson v. State,* 600 P.2d 361, 367 (Okl. Cr.1979), that "a cautionary instruction should be given where the eyewitness lacked opportunity to observe the assailant, or where the witness was not positive in his identification, or where the identification was weakened by either qualification or by a failure to identify the defendant on a prior occasion." None of these conditions prevailed in the instant case, though appellant did present substantial testimony contradicting the victim's identification of her assailant. Identity played a considerable role in appellant's defense, but this alone does not warrant a cautionary instruction.

The trial court did not specifically instruct the jury that penetration was required for the crime of rape to occur. 21 O.S.1981, § 1113. The appellant assigns this as error. A reading of the instructions given shows that the jury was advised that rape is an act of sexual intercourse, tracking the applicable language of 21 O.S.1981, § 1111. The victim testified that her assailant "put his penis into my vagina."

██ Penetration was proven by ample uncontradicted evidence. In *Gautt v. State,* 551 P.2d 1150 (Okl.Cr.1976), we held it was error, but only harmless error, that the trial court failed to instruct that an accomplice's testimony must be corroborated because the evidence sufficiently proved this fact. Likewise, we find no error in the trial court's failure to instruct the jury regarding penetration. The evidence of penetration was clear. Also, the court defined rape as including sexual intercourse, a term commonly understood. Thus, its explicit definition was not an absolute necessity. *See Darnell v. State,* 369 P.2d 470 (Okl.Cr.1962).

██ As appellant's final assignment of error, he asserts the trial court improperly restricted him in presenting the testimony of his witness. A new trial on sentencing alone had been allowed by the trial judge because evidence which had not been introduced went to the jury during deliberations

and may have prejudiced appellant. The trial judge did not allow the testimony of appellant's witnesses as it became apparent on his offer of proof that the evidence was relevant to the issue of guilt.

The trial judge properly limited evidence to the issue of sentencing. We reasoned in *Nipps v. State,* 626 P.2d 1349 (Okl.Cr.1981), a trial court properly limits voir dire questions and challenges to the jury to the issue of punishment. We held that there was no need to repeat the entire trial. This principle applies equally to the punishment stage evidence. It should be limited to the issue of punishment.

Finding no error requiring reversal or modification, the judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

BRETT, J., concurs in result.