UNITED STATES COURT OF APPEALS
**Filed 12/19/96**
FOR THE TENTH CIRCUIT

LIONEL DEWAYNE HOLLAND,

    Petitioner-Appellant,

v.

STEVE HARGETT, Warden,

    Respondent-Appellee.

No. 96-5006
(D.C. No. 95-C-444-BU)
(N.D. Okla.)

ORDER AND JUDGMENT*

Before PORFILIO, ALARCON,** and LUCERO, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Petitioner Lionel Dewayne Holland, appearing pro se, appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Petitioner was convicted by a jury in Oklahoma state court of three counts of rape and two counts of sodomy against his oldest daughter. He was sentenced to three consecutive terms of one-hundred years' imprisonment on the rape counts and two consecutive terms of ten years' imprisonment on the sodomy counts. Petitioner exhausted his state court remedies before bringing this action.

In his petition, petitioner claimed that the trial court (1) improperly admitted evidence of a prior deferred sentence, that petitioner had sexually abused another daughter, and that he possessed adult films, (2) failed to instruct the jury on all of the elements of rape and sodomy and did not define sexual intercourse, and (3) had no authority to order consecutive sentences. In denying the petition, the district court determined that the challenged evidence and testimony did not render petitioner's trial fundamentally unfair, that the jury instructions, even if erroneous, did not render petitioner's trial fundamentally unfair, and that petitioner's challenge to the consecutive sentences was procedurally barred.

We review the district court's denial of petitioner's habeas corpus petition de novo. See Bowser v. Boggs, 20 F.3d 1060, 1062 (10th Cir. 1994). In

reviewing the denial of a pro se petition, we construe the petitioner's pleadings liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Habeas corpus "is not intended as a substitute for appeal, nor as a device for reviewing the merits of guilt determinations at criminal trials," but only "to guard against extreme malfunctions in the state criminal justice systems." Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979)(Stevens, J., concurring).  More recently, the Court has definitively held that "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Therefore, our review of a petition for writ of habeas corpus is limited to allegations of federal constitutional violations.  See Tapia v. Tansy, 926 F.2d 1554, 1556 (10th Cir. 1991).

**Evidentiary Rulings:**

Petitioner's evidentiary claims are claims of error under state law.  "[S]tate procedural or trial errors do not present federal questions cognizable in a federal habeas corpus suit" unless petitioner can "demonstrate[] state court errors which deprived him of fundamental rights guaranteed by the Constitution of the United States." Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir. 1979); see also Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994)(federal review of denial of habeas corpus relief does not lie unless there is a showing that "a conviction violated the

Constitution, laws, or treaties of the United States"), cert. denied, 115 S. Ct. 2278 (1995). "A trial is fundamentally unfair under the Fifth Amendment's Due Process Clause if it is 'shocking to the universal sense of justice.'" United States v. Tome, 3 F.3d 342, 353 (10th Cir. 1993)(quoting United States v. Russell, 411 U.S. 423, 432 (1973)(internal quotation omitted)).

First, petitioner asserts that the state improperly elicited testimony from him regarding a prior deferred sentence. Petitioner contends that the "prosecutor deliberately pressed him with a series of questions until she elicited the information she desired." Appellant Br. at 5.

On direct examination, petitioner's counsel questioned,

Q. Lionel, do you have any previous felony convictions?

A. No, I do not.

Q. Any other problems or any problems with the law?

A. Nothing but a speedin' ticket and I've just had one of those.

R. Vol. I, doc. 3 at 245.

On cross-examination, and without contemporaneous objection, the prosecutor asked,

Q. I believe you stated that you had no previous felony convictions, and I also understood you to say that you never had any problems with the law, ever?

A. I had a speeding ticket.

Q. Is that it?

A. I had an expensation, is that what you call it?

Q. As in deferred sentence?

A. Yes.

Q. What was that for?

A. Uh a check.

Q. It was filed as a felon, a bogus check and a deferred sentence is part of the . . . .

A. It was filed as a forged instrument.

Id. at 278-79.

The district court found that petitioner had "opened the door on direct examination" to questioning regarding the deferred sentence when he denied ever having any legal problems other than a speeding ticket. R. Vol. I doc. 6, December 19, 1995 Order at 3. We agree. Further, there is no showing that this evidence, even if erroneously admitted, prejudiced petitioner or rendered his trial fundamentally unfair. See Hopkinson v. Shillinger, 866 F.2d 1185, 1197 (10th Cir. 1989)("[W]e will not disturb a state court's admission of evidence of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies defendant due process of law.").

Next, petitioner asserts that the trial court erred in admitting the testimony of his younger daughter in order to impeach his testimony on direct examination that he had not sexually abused any of his children. When questioned by the prosecutor on cross-examination as to whether he was willing to stand by that statement, he replied that he was. The prosecutor drew an objection from petitioner's counsel when he posed a question to petitioner regarding pending criminal charges against petitioner in regard to his sexual conduct with his younger daughter. During a bench conference, the prosecutor indicated that he intended to call the younger daughter as a rebuttal witness. Petitioner's counsel moved in limine to restrict any evidence of the other pending charges.

During the testimony of the younger daughter, defense counsel again objected to the testimony as prejudicial in that it would bring up the pending charges. In overruling the objection, the trial court ruled that, because petitioner had testified on direct examination that he had never had any sexual contact with his other children, the prosecution was entitled to seek to impeach.

Petitioner argues that under Oklahoma law, once he had denied having sexual contact with any of his children, the prosecutor was not allowed to present extrinsic evidence in order to impeach his statement. See Jones v. State, 781 P.2d 326, 330 (Okla. Crim. App. 1989)(holding that if a witness denies the conduct, counsel may not introduce extrinsic evidence in order to impeach the witness). In

its consideration of this claim in petitioner's habeas corpus petition, the district court correctly determined that the question before the court was not whether the evidence was properly admitted, but whether, in admitting the evidence, a constitutional violation occurred. See Hopkinson, 866 F.2d at 1197 n.7 ("The state court is the final arbiter of state rules, and [this court] must uphold its ruling unless the state evidentiary rule itself denies defendants due process.").

In his appellate argument, petitioner does not assert constitutional violation, but only asserts that admission of the testimony was error under Oklahoma law. We can discern no constitutional deprivation from our review of the record. Therefore, even if the evidentiary ruling was error under state law, it is not a proper subject for challenge in federal habeas corpus action. See id. at 1197. Moreover, the district court found, and we agree, that the evidence was so abundant against petitioner, that even if this elicited testimony was error, it was harmless. See Brecht v. Abrahamson, 507 U.S. 619, 637-39 (1993)(holding that erroneous admission of testimony which did not have a "substantial and injurious effect or influence in determining the jury's verdict" is harmless error)(quotations omitted).

In his final claim of evidentiary error, petitioner asserts that the state appellate court erred in determining that the admission of evidence indicating that petitioner possessed pornographic films was irrelevant, and therefore, even if it

was error, it was harmless. In his appellate brief, petitioner makes a conclusory statement that admission of the evidence was error, but does not present any reasoned argument in support of his contention. See American Airlines v. Christensen, 967 F.2d 410, 415 n.8 (10th Cir. 1992)(statement of issue without reasoned argument is insufficient to challenge adverse ruling on appeal). This court will not manufacture arguments for petitioner, see SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1513-14 (10th Cir. 1990), and therefore, we do not address this claim of error.

**Jury Instructions:**

Petitioner asserts that the trial court erred in not specifically instructing the jury that penetration was an element of the crimes of rape and sodomy, and in not specifically defining sexual intercourse. The omission of a specific instruction as to the element of penetration is an allegation of error under state law, and does not create a basis for habeas corpus relief, see Estelle v. McGuire, 502 U.S. 62, 71-72 (1991), unless the alleged jury instruction error "'had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense,'" Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir. 1990)(quoting Brinlee, 608 F.2d at 854).

Although not included in the elements instruction, an instruction was given which stated that the "crimes of Rape and Sodomy may be completed by any sexual penetration, however slight." R. Vol. I, doc. 3 at 353. Here, the victim testified that the petitioner had placed his penis in her vagina or her mouth on numerous occasions.[1] Id. at 79-80, 85, 89, 90, 94. Because penetration of the victim was proven by ample uncontradicted evidence, we discern no error in the trial court's failure to specifically include penetration in the elements instruction. See Johnston v. State, 673 P.2d 844, 850 (Okla. Crim. App. 1983)(when sufficient evidence of penetration was presented, failure to instruct jury on penetration is not error). Moreover, the court properly instructed the jury that sexual intercourse was an element of the crime, R. Vol. I, doc. 3 at 352, and because sexual intercourse is a "commonly understood" term, there was no need for a more detailed definition, see Johnston, 673 P.2d at 850. We conclude, therefore, that petitioner has failed in his burden to establish that the omissions in the jury instructions rendered his trial fundamentally unfair.

**Sentencing:**

---

[1] Under Oklahoma law, sodomy includes oral copulation as well as anal copulation. See Clayton v. State, 695 P.2d 3, 6 (Okla. Crim. App. 1984)(construing Okla. Stat. tit. 21, § 886 to include oral copulation as a "detestable and abominable crime against nature"); accord Post v. State, 715 P.2d 1105, 1107 n.1 (Okla. Crim. App. 1986).

Finally, petitioner challenges the district court's determination that his claim regarding the trial court's authority to order consecutive sentences was procedurally barred. We agree that petitioner may not obtain habeas review of a claim if the highest state court to consider it has held it to be barred on an adequate and independent state ground. See Coleman v. Thompson, 501 U.S. 722, 749 (1991).

Here, the state appellate court plainly invoked procedural bar. Relying on the holding in Jones v. State, 704 P.2d 1138, 1139-40 (Okla. Crim. App. 1985), finding issues not raised on direct appeal waived under Okla. Stat. tit. 22, § 1086, the court concluded that petitioner had bypassed this issue on direct appeal, and therefore, was barred from raising it in an application for post-conviction relief. See Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993)(section 1086 prohibits raising issues which could have been raised on direct appeal or in prior post conviction petitions, "even issues involving fundamental, constitutional rights"). The court's ground for finding waiver is independent of federal law and is the only ground set forth for finding the claim barred. Petitioner does not challenge its adequacy.

On habeas review, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown. See Coleman,

-10-

501 U.S. at 750 (1991). "'Cause' must be 'something external to the petitioner, something that cannot fairly be attributed to him. . . .'" <u>Steele</u> 11 F.3d at 1522 (quoting <u>Coleman</u>, 501 U.S. at 752). In his brief, petitioner continues to argue the merits of his claim and neglects to offer any reason for his failure to raise the claim in prior challenges. Because we determine that plaintiff has failed to assert cause for his default, we need not address the prejudice prong of the standard. <u>See</u> <u>Steele</u>, 11 F.3d at 1522 n.7.

"The fundamental miscarriage of justice exception is available only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." <u>Id.</u> at 1522 (further quotation omitted). Here, petitioner has made no showing of factual innocence. Therefore, we perceive no fundamental miscarriage of justice in denying review of petitioner's claim.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court


Arthur L. Alarcon
Circuit Judge

-11-