**Audie Sinitra EDWARDS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–768.**

Court of Criminal Appeals of Oklahoma.

Nov. 24, 1981.

Charles S. Rogers, Deputy Appellate Public Defender, Norman, Dan R. Brown, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Reta M. Strubhar, Asst. Atty. Gen., Oklahoma City, for appellee.

MEMORANDUM OPINION

CORNISH, Judge:

The appellant was convicted of Rape in the Second Degree in Comanche County District Court Case No. CRF–79–518. He was sentenced to three (3) years' imprisonment.

The dispositive issue before this Court is whether two exhibits inadvertently taken into the jury room materially prejudiced the appellant. The two exhibits had not been introduced into evidence during the trial.

During jury deliberations, the bailiff delivered to the jury all the exhibits which had been introduced at trial. Among these exhibits were a medical report and a laboratory report which had not been admitted into evidence. Edwards' counsel learned of this occurrence after the jury had returned its verdict. Defense counsel filed a motion for new trial alleging that the appellant was prejudiced by the presence of these extrinsic materials in the jury room. The trial judge overruled the motion for new trial.

In Oklahoma the law is settled. If there is any reasonable possibility that prejudice could have resulted from the jury's examination of unadmitted evidence, the appellant should be granted a new trial. *Henderson v. State*, 490 P.2d 786 (Okl.Cr.

1971); *Koonce v. State*, 456 P.2d 549 (Okl. Cr.1969); *Cook v. State*, 95 Okl.Cr. 154, 241 P.2d 411 (1952); *Thomas v. State*, 13 Okl.Cr. 414, 164 P. 995 (1917). The purpose of the rule is to protect a defendant's right of confrontation. Generally, when the trial judge rules that an exhibit is inadmissible the exhibit is not subjected to cross-examination; therefore, its consideration by the jury infringes on the defendant's right of confrontation.

■ In this case, we find that it was error for the court reporter to deliver the two exhibits to the jury room. However, we are unable to hold that the error was prejudicial as to require reversal. The record reveals that the information contained in the unadmitted reports was extensively covered during direct examination and cross-examination.

The first exhibit was a medical report prepared by Dr. Morgan subsequent to his examination of the victim. At trial, Dr. Morgan testified as to his medical examination of the victim. He further testified about the findings he made in his medical report. The appellant fully cross-examined Dr. Morgan about the medical examination and his findings contained in the medical report.

The second exhibit which was inadvertently delivered to the jury room was the laboratory report of Susan Land, a forensic chemist. Land testified as to all of the information contained in the laboratory report. She explained to the jury the tests she had performed and the findings she made in her report. The appellant was given the opportunity to cross-examine Land about her laboratory findings. We find that the appellant was not prejudiced by the jury's viewing of these two exhibits.

The judgment and sentence is AFFIRMED.

BRETT, P. J., concurs.

BUSSEY, J., concurs in result.