930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Martin A. EBERHART, Petitioner-Appellant,
v.
Stephen W. KAISER, Warden, and Robert H. Henry, Attorney
General, Respondent-Appellee.
 No. 90-6214.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Martin Eberhart appeals from the district court's denial of his petition for writ of habeas corpus. He contends the court erred in refusing to find he was prejudiced by the state trial court's refusal to give a cautionary instruction concerning eyewitness identification and the admission of two witnesses' in-court identifications of petitioner. We affirm.
 
 
 3
 Petitioner was convicted in Oklahoma state court of first degree rape, first degree burglary, and two counts of sodomy. These convictions were affirmed on appeal. Petitioner is currently serving his sentence in an Oklahoma state prison.
 
 
 4
 The district court properly concluded petitioner was not prejudiced by the state trial court's refusal to give a cautionary instruction concerning eyewitness identifications. The trial court's action did not deprive petitioner of fundamental rights guaranteed by the constitution. Moreover, the evidence presented at trial and the instructions given to the jury sufficiently informed the jury of the limitations of eyewitness identifications. Petitioner has not shown the omission of the requested instruction "so infected the entire trial that the resulting conviction violated due process." Henderson v. Kibbe, 431 U.S. 145, 156-57 (1977).
 
 
 5
 Petitioner was not prejudiced by the admission of the in-court identifications of petitioner by the victim and a prosecution witness. The victim failed to identify petitioner in a physical lineup two days after the offenses. She did, however, pick out petitioner when she was shown a photo array. We agree with the district court's conclusion that this array was not impermissibly suggestive. We therefore need not determine if the identification was unreliable in view of the totality of the circumstances. Johnston v. Makowski, 823 F.2d 387, 391 (10th Cir.1987), cert. denied, 484 U.S. 1026 (1988). Witness O'Banion failed to pick out petitioner when shown a photo array and did not identify petitioner at the preliminary hearing. Both the victim and O'Banion identified petitioner at trial. The jury was fully informed that both witnesses had previously failed to identify petitioner. We agree with the district court's conclusion that petitioner was not denied a fundamentally fair trial.
 
 
 6
 Petitioner has made a substantial showing of the denial of important federal rights and we therefore grant the certificate of probable cause. See Barefoot v. Estelle, 463 U.S. 800 (1983). We deny petitioner's motion to proceed in forma pauperis, but waive the fees and reach the merits of this appeal. We AFFIRM the order of the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3