951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James E. CLARK, Defendant-Appellant.
 No. 90-4090.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1991.
 
 Before JOHN P. MOORE and BALDOCK, Circuit Judges, and SPARR, District Judge.*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 James Clark was convicted of robbing the Utah Co-op Federal Credit Union in Salt Lake City, and sentenced to a term of eighty months in jail and five years' supervised release. He appeals the judgment of the trial court on two grounds: (1) evidence of the robbery was illegally seized and should have been suppressed; and (2) a new trial should have been granted after a government witness improperly gave prejudicial testimony. We review the decisions of the district court in denying the motion to suppress and the motion for new trial for abuse of discretion,[1] and affirm both.
 
 
 2
 During the course of the robbery, Mr. Clark jumped on a counter, leaving prints from his tennis shoes. These prints were later linked to shoes found in Mr. Clark's apartment, thereby providing strong circumstantial evidence of his guilt. Other equally weighty evidence against Mr. Clark was also introduced. After the robbery, Mr. Clark went to a friend's house to change clothes, leaving a sweater stained with coffee thrown on him by a Co-op employee. Another friend testified Mr. Clark came to her home that evening with a thick wad of bills. A gas station attendant positively identified Mr. Clark as the man he had seen walking toward the Co-op on the day of the robbery, and an acquaintance testified Mr. Clark had asked him to assist in the robbery.
 
 
 3
 Mr. Clark was on probation at the time of the robbery, and had signed a Utah parole agreement consenting to searches of his residence, person, vehicle, or property upon reasonable suspicion of a violation of law. After the robbery, Mr. Clark's parole officer received information indicating that Mr. Clark's urine had tested positive for opiates, he was in custody for retail theft, and he was a suspect in the Co-op robbery. Mr. Clark consented to a search of his apartment, asking to be present. The parole officer and several other local and federal officers searched the apartment, seizing drug paraphernalia and Mr. Clark's tennis shoes.
 
 I.
 
 4
 The shoes were the subject of a pre-trial motion to suppress on the grounds they were seized in violation of Mr. Clark's Fourth Amendment rights. A federal magistrate, sitting by reference, conducted a hearing on the motion to suppress, and recommended the court deny the motion. The district judge, finding the defendant filed no objections to the magistrate's report, accepted the magistrate's recommendation and issued an order denying the motion to suppress.
 
 
 5
 In Moore v. United States, --- F.2d. ----, 1991 WL 251582 (10th Cir., Dec. 2, 1991), where a pro se defendant appealed his perjury conviction, this court held a magistrate's findings and recommendations did not give the defendant sufficient notice that failure to file objections to the report within the ten-day statutory period would waive his appellate review. In that case, the magistrate stated, pursuant to the Federal Magistrate's Act and Oklahoma rules, "the parties are given (10) days from the ... filing date to file with the Clerk of the Court any objections, with supporting brief." Moore, 1991 WL 251582, at * 2.
 
 
 6
 Mr. Clark filed his motion to suppress pro se. Although counsel had been appointed for him, the first attorney was discharged, and a second took his place. There is confusion in the record, however, concerning whether the substitute counsel was actually representing Mr. Clark when the magistrate's report was filed during April 1990. Our doubt about the respects in which Mr. Clark was responsible for his own representation make his case analogous to United States v. Moore.
 
 
 7
 The magistrate's report and recommendations stated "[c]opies of the foregoing report and recommendation are being mailed to the parties. They are hereby notified of their right to file objections hereto within ten days from the receipt hereof." R. I, tab. 55, 7. As in Moore, there was no indication in the notice of a waiver of the right to appeal resulting from failure to object to the magistrate's report. Also, the record indicates the district court ordered Mr. Clark to be given only copies of the transcript of the suppression hearing. R. I, tab. 54. The magistrate's report was mailed only to Mr. Clark's attorney, although Mr. Clark had filed the motion to suppress pro se. R. I, tab. 55, 8.
 
 
 8
 This court has adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate within the ten-day period. Moore, 1991 WL 251582, at * 2 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164-65 (10th Cir.1986), and Boyd Motors, Inc. v. Employers Ins. of Wausau, 880 F.2d 270, 271 (10th Cir.1989)). We hold in this case, however, Mr. Clark retained his right to appeal the district court's denial of the motion to suppress. We follow the rule of Moore:
 
 
 9
 [i]n proceedings in which a party appears without benefit of counsel, we ... require magistrates within the circuit to inform a pro se litigant not only of the time period for filing objections, but also of the consequences of a failure to object, i.e., waiver of the right to appeal from a judgment of the district court based upon the findings and recommendations of the magistrate.... This notice should be included in the text of the document containing the magistrate's findings and recommendations.
 
 
 10
 Moore, 1991 WL 251582, at * 2.
 
 
 11
 Contrary to the contention of the government, we conclude the defendant has not waived his right to appeal the admission of his tennis shoes into evidence. We hold on the merits, however, the shoes were not seized in violation of defendant's Fourth Amendment rights and were properly admitted.
 
 
 12
 Mr. Clark admits the probation officers had a right to search his apartment pursuant to the probation agreement. He argues, however, the other officers present had no authority to participate in the search or to seize evidence. He asserts the search and seizure were more general than the purposes to which he consented in his parole agreement.
 
 
 13
 We cannot accept this argument. First, evidence of any state, federal, or local criminal wrongdoing was within the ambit of the probation agreement. Second, defendant relies on the inadvertence requirement of the plain view test as grounds for holding the seizure of his tennis shoes unreasonable.[2] The Supreme Court's decision in Horton v. California, 110 S.Ct. 2301 (1990), precludes reliance on inadvertence. The Horton court stated:
 
 
 14
 [i]f the interest in privacy has been invaded, the violation must have occurred before the object came into plain view and there is no need for an inadvertence limitation on seizures to condemn it.... reliance on privacy concerns that support [the prohibition on general searches and general warrants] is misplaced when the inquiry concerns the scope of an exception that merely authorizes an officer with a lawful right of access to an item to seize it without a warrant.
 
 
 15
 Horton, 110 S.Ct. at 2310 (emphasis added). Once law enforcement officers have lawful access, Horton holds there is no additional Fourth Amendment interest served by requiring inadvertence; the search is not limited other than by the exigencies which permit a warrantless search at the outset. Id. at 2309.
 
 
 16
 In Griffin v. Wisconsin, 483 U.S. 868 (1987), the Supreme Court upheld a warrantless search of a probationer's apartment on the grounds the regulation governing the probation agreement met the reasonableness requirement of the Fourth Amendment. Griffin, 483 U.S. at 873. In this case, both parties agree the Utah parole agreement provides for searches of a parolee's person, residence, vehicle, or any other property upon reasonable suspicion the conditions of probation have been violated. Defendant does not contend the Utah parole agreement is unreasonable or entry into his apartment impermissible.
 
 
 17
 We conclude Griffin is apposite to this case, and rely on Griffin and Horton together to hold the seizure of defendant's tennis shoes from his apartment was reasonable under the Fourth Amendment. We do not reach defendant's harmful error argument.
 
 II.
 
 18
 The government elicited testimony from Mr. Richard Smith that defendant had approached him prior to the robbery to see if he was interested in participating. In response to government questioning, Mr. Smith stated, "I can't recall the length of knowing him, but I was in prison with him." The government moved to strike the testimony. Defendant's counsel requested the jury not be instructed to ignore the testimony for fear of emphasizing defendant's prison term in the minds of the jury and moved for a mistrial and new trial.
 
 
 19
 The standard by which we evaluate prejudice to the defendant is whether the "slightest possibility that harm could have resulted" from the jury's consideration of unadmitted evidence. United States v. Sands, 899 F.2d 912 (10th Cir.1990).[3] In Sands, a divided panel concluded the district court erred in not granting a mistrial after two witnesses volunteered references to past convictions of the defendant. Sands is easily distinguishable, however, because the Sands majority concluded the evidence used to convict Sands did not prove his guilt beyond a reasonable doubt. The court reversed Sands' conviction because of uncertainty the inadmissible evidence " 'had but very slight effect on the verdict of the jury.' "[4]
 
 
 20
 In this case, we have no uncertainty the jury would have convicted even had Smith not testified to his past in prison with the defendant. The jury considered testimony of the Co-op employees, the gas station attendant, and the friend who kept Clark's clothes for him. The jury also weighed evidence regarding the defendant's coffee-stained sweater, the thick wad of bills carried by him on the night of the robbery, and the prints of his tennis shoes. We believe the evidence was overwhelmingly in favor of conviction, and testimony suggesting the defendant had been previously incarcerated could not have made a difference in the ultimate verdict against this defendant.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Honorable Daniel B. Sparr, United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 See United States v. Novak, 918 F.2d 107, 108-09 (10th Cir.1990) (denial of motion for mistrial); United States v. Sutton, 767 F.2d 726, 728 (10th Cir.) (denial of motion for new trial), cert. denied, 469 U.S. 1157 (1985). See also United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir.1988) (admission or exclusion of evidence)
 
 
 [2]
 Defendant cites United States v. Barrios-Moriera, 872 F.2d 12, 16 (2d Cir.) ("lawful entry, inadvertent discovery, and probable cause" must be present for "plain view" seizure test to apply), cert. denied, 493 U.S. 953 (1989)
 
 
 [3]
 See also Johnston v. Makowski, 823 F.2d 387, 390 (10th Cir.1987), cert. denied, 484 U.S. 1026 (1988); United States v. Marx, 485 F.2d 1179, 1184 (10th Cir.1973), cert. denied, 416 U.S. 986 (1974)
 
 
 [4]
 Sands, 899 F.2d at 916 (citing Sumrall v. United States, 360 F.2d 311, 314 (10th Cir.1966))