956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond S. BACA, Petitioner-Appellant,
v.
Dareld KERBY, Warden, Central New Mexico Correctional
Facility, Respondent-Appellee.
 No. 91-2121.
 United States Court of Appeals, Tenth Circuit.
 March 4, 1992.
 
 Before JOHN R. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from the district court's denial of his petition for habeas relief, asserted under 28 U.S.C. § 2254, challenging two New Mexico convictions for armed robbery, N.M.Stat.Ann. § 30-16-2, with firearm enhancement, N.M.Stat.Ann. § 31-18-16. He asserts three grounds for habeas relief:[1] 1) whether the photographic identification of Petitioner by three witnesses violated due process; 2) whether the state trial court's refusal to reopen the case to receive evidence supporting Petitioner's alibi violated due process and his Sixth Amendment right to present a complete defense; and 3) whether the trial court's refusal to give the jury Petitioner's proposed instructions concerning eyewitness identification and his alibi defense violated due process. After considering the parties' arguments, we affirm.[2]
 
 
 3
 A jury convicted Petitioner of the armed robbery of two gas stations. Three eyewitnesses to the crimes identified Petitioner as the armed robber by picking his picture out of a photo array. These three eyewitnesses also identified Petitioner during the trial as the armed robber.
 
 
 4
 Petitioner asserts that the photographic identification procedures were impermissibly suggestive and, therefore, violated due process. We review the district court's conclusion that the photo array did not violate due process de novo, but the state court's factual findings are entitled to a presumption of correctness. Archuleta v. Kerby, 864 F.2d 709, 710-11 (10th Cir.), cert. denied, 490 U.S. 1084 (1989).
 
 
 5
 The inquiry required by the due process clause when an identification procedure is challenged is two pronged: first, it must be determined whether the identification procedure was impermissibly suggestive; and, second, if it is found to have been so, whether the identification nevertheless was reliable in view of the totality of the circumstances. The two prongs of the inquiry should be made separately; it is necessary to reach the second prong only if the procedure was impermissibly suggestive.
 
 
 6
 Johnston v. Makowski, 823 F.2d 387, 391 (10th Cir.1987) (citation omitted), cert. denied, 484 U.S. 1026 (1988). Because we conclude that the photographic identification procedure was not impermissibly suggestive, we affirm the district court's denial of habeas relief on this claim.[3]
 
 
 7
 Petitioner next argues that the trial court, by refusing to reopen the case, prior to closing argument, to allow the defense to present evidence in support of Petitioner's alibi, deprived him of a meaningful opportunity to present a complete defense. " 'State court rulings on the admissibility of evidence may not be questioned in federal habeas corpus proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.' " Chavez v. Kerby, 848 F.2d 1101, 1102 (10th Cir.1988) (quoting Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980)). "[T]he scope of our review is narrow: our responsibility is to ensure that [Petitioner] was afforded the protections of due process, not to exercise supervisory powers over the New Mexico state courts." Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir.) (citing Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974)), cert. denied, 490 U.S. 1112 (1989). We conclude that the state trial court did not commit any constitutional error and we, therefore, affirm the district court's denial of habeas relief on this ground.
 
 
 8
 Lastly, Petitioner challenges the state trial court's refusal to instruct the jury using Petitioner's proposed eyewitness identification and alibi instructions. " 'Habeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense.' " Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir.) (quoting Brinlee, 608 F.2d at 854), cert. denied, 111 S.Ct. 393 (1990). We agree with the district court that the state court's failure to give these proposed instructions did not render the state trial fundamentally unfair.
 
 
 9
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner does not appeal the district court's denial of his fourth habeas claim, which challenged the state trial court's factual determination that a juror had not been sleeping during Petitioner's trial
 
 
 [2]
 Petitioner's Application for a Certificate of Probable Cause is granted
 
 
 [3]
 Before the district court, Petitioner also asserted that the state deprived him of due process by failing to preserve two earlier photographic arrays which did not contain Petitioner's photograph and from which the victims could not pick out the perpetrator of the robberies. Petitioner does not assert that argument on appeal