5 F.3d 548
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tony GORRION, Defendant-Appellant.
 No. 92-6394.
 United States Court of Appeals, Tenth Circuit.
 Aug. 20, 1993.
 
 Before BRORBY, BARRETT and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 KELLY
 
 1
 Defendant-appellant Antonio Ortiz a/k/a Tony Gorrion appeals his convictions for conspiracy to distribute marijuana (21 U.S.C. 846) and for use of a telephone to facilitate a conspiracy to distribute marijuana (21 U.S.C. 843(b)).
 
 I. Sufficiency of Evidence
 
 2
 Defendant asks this court to reexamine the well established rule that witness credibility cannot be assessed on review. United States v. Levario, 877 F.2d 1483, 1485 (10th Cir.1989). Decisions of credibility are traditionally "the exclusive task of the fact trier" and "[o]nce the jury has spoken, this court may not reweigh the credibility of the witnesses." United States v. Youngpeter, 986 F.2d 349, 352-53 (10th Cir.1993). We see no reason to depart from that principle. Therefore, "our task is to view the evidence presented in a light most favorable to the government and to give the government the benefit of all favorable inferences that may be drawn from this testimony." Id. at 353.
 
 
 3
 This investigation began with Isidro Fernando Venegas, whom the F.B.I. had reason to suspect was involved with drug trafficking. A wiretap of Mr. Venegas and his conversations with Defendant led the F.B.I. to develop the case against Defendant. The recorded conversations were translated into English and introduced at Defendant's trial. In addition, Mr. Venegas and his supplier, Martin Rivas, testified. Although Mr. Rivas, Mr. Venegas and Zulema Venegas, Mr. Venegas' wife identified Defendant, the primary defense offered at trial was mistaken identity.
 
 
 4
 In the light most favorable to the government, the evidence tended to show that Defendant purchased approximately twenty-seven pounds of marijuana from Mr. Venegas in 1991 on credit. Unable to pay this debt, Mr. Venegas agreed to accept Defendant's car as partial payment. Later, Mr. Rivas travelled to Oklahoma City and met with Defendant to attempt to collect the unpaid balance.
 
 II. The Tape Recording
 
 5
 Over the objection of the Defendant, the trial court admitted a tape of a conversation between Defendant and Mr. Venegas. Because the voices on the tape were Spanish, the government provided a translated transcript. Shortly before trial, a "Tex-Mex" linguistics expert, Pete Ramirez, amended the transcript. Originally, the government's transcript had mentioned "twenty," translating the Spanish "veinte" and providing the basis for a charge of possession of marijuana, which was later dismissed on motion of the government. The amended version interpreted the word as "dientes," which means "teeth" in Spanish. Through Ramirez' testimony, the government established that this phrase is often used to refer to cocaine.
 
 
 6
 Defendant argues that the word was unintelligible and that Ramirez' interpretation injected a more prejudicial drug, cocaine, into the evidence. Additionally, the Defendant complains that the amended transcript was presented so close to trial as to prejudice the Defendant's ability to counter the modified translation. Defendant's expert, Iris Santos Rivera, testified that she could not discern the particular word in question as it was inaudible.
 
 
 7
 We find United States v. Hanif, 1993 WL 267493 (10th Cir. July 20, 1993) dispositive as to the admissibility of an unclear tape and a disputed interpretation. "The admissibility of tape recordings that are partially inaudible is ... within the sound discretion of the trial court." Id. at * 3 (citing United States v. McIntyre, 836 F.2d 467, 469 (10th Cir.1987)). The inaudible portion must be "so substantial as to render untrustworthy the recording as a whole.' " Id. (quoting McIntyre, 836 F.2d at 469-70).
 
 
 8
 After reviewing the record before us, which did not include either the tape or the transcript in question, we cannot say that the district court abused its discretion. The parties basically disagree as to one word, which Mr. Ramirez testified was "dientes," or, in English, "teeth." Defendant's expert testified that that particular word was unintelligible. "The conflicting testimony of [each parties' witness as to what had been said] ... was weighed and assessed by the jury in reaching its verdict. Such a credibility determination is uniquely for the jury." United States v. Alvarez, 860 F.2d 801, 812 (7th Cir.1988), cert. denied sub nom., 493 U.S. 829 (1989).
 
 
 9
 We also can not identify any prejudice caused by the government's delay in amending the translation close to the start of trial. Defendant disagreed with both the prior interpretation and transcript and the amended transcript. Defendant offered his version of the conversation in question when he testified. He also produced an expert witness who believed the debated passage to be unintelligible. We fail to see how a change in the government's interpretation of this particular word, even at the last moment, could have altered the evidence to be presented by the Defendant.
 
 III. Identification
 
 10
 Finally, the Defendant contends that Mr. Rivas' identification of him was improper. An F.B.I. agent showed photographs of Defendant to Rivas, who knew the Defendant as Tony Gorrion. At trial, Mr. Rivas stated that his identification in court was based upon an earlier meeting with Defendant and not upon the photographs alone. Defendant claims that the meeting between himself and Mr. Rivas lasted only thirty minutes and had taken place some seventeen months before trial. Defendant deduces that the identification is unreliable and fundamentally unfair.
 
 
 11
 Out-of-court identifications must not be impermissibly suggestive nor unreliable based upon the totality of the circumstances. Simmons v. United States, 390 U.S. 377, 384 (1968); Johnston v. Makowski, 823 F.2d 387, 391 (10th Cir.1987), cert. denied, 484 U.S. 1026 (1988). Reliability, of course, is the central question should this court agree that the display of several photographs of the Defendant was suggestive. United States v. Thody, 978 F.2d 625, 629 (10th Cir.1992). Defendant has not shown that the circumstances of this identification rendered it unreliable.
 
 
 12
 Mr. Rivas did not hesitate in his identification of Defendant. As a "fellow conspirator ..., the government witness certainly had the opportunity" to observe and later identify Defendant. United States v. Drougas, 748 F.2d 8, 27 (1st Cir.1984). The several witnesses who identified Defendant at trial showed no hesitation in their identification. The identification followed a thirty minute meeting which had taken place some seventeen months before trial. The photograph of Defendant was shown to Mr. Rivas as recently as one month before trial. Considering these factors, as set forth in Neil v. Biggers, 409 U.S. 188, 199-200 (1972), we do not conclude that Mr. Rivas' identification was unreliable.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3