**UNITED STATES COURT OF APPEALS**
**Filed 8/16/96**
**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,      )
                                   )
    Plaintiff-Appellee,      )
                                   )
v.                             )        No. 95-2287
                                 )    (D.C. No. CR 94-726)
VALENTIN ORTIZ-TREJO,      )    (Dist. of New Mexico)
                                 )
    Defendant-Appellant.    )

_____

**ORDER AND JUDGMENT**[*]

_____

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

_____

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Valentin Ortiz-Trejo (Ortiz-Trejo) appeals his conviction and sentence following a jury trial wherein he was found guilty of knowingly and intentionally possessing marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

On December 1, 1994, Jesus Bruno-Marquez (Bruno-Marquez) was arrested at a United States Border Patrol checkpoint north of Las

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

Cruces, New Mexico, based on a quantity of marijuana discovered in the Mercury Monarch he was driving. Shortly after his arrest, Bruno-Marquez agreed, in cooperation with law enforcement officials, to transport the marijuana to Santa Fe, New Mexico, for a controlled delivery.

Bruno-Marquez traveled with law enforcement officials to Albuquerque, New Mexico, where he placed a tape-recorded phone call to Ortiz-Trejo in Santa Fe. The conversation was conducted entirely in Spanish and later translated and transcribed into English. After the phone conversation, Bruno-Marquez and law enforcement officials traveled to Santa Fe where Bruno-Marquez agreed to meet Ortiz-Trejo at a local motel.

At the motel, Ortiz-Trejo got into the Mercury Monarch with Bruno-Marquez and handed him $1,000 in $100 denominations for the delivery of the vehicle. After the money was delivered, law enforcement officers arrested Ortiz-Trejo.

On December 8, 1994, Ortiz-Trejo was indicted for knowingly and intentionally possessing with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2.

At trial, both the tape of the recorded conversation between Ortiz-Trejo and Bruno-Marquez and the written translation were admitted into evidence without objection. (Appellant's Appendix, Tab 5, App. 0078). The tape was then played for the jury and each

juror received a copy of the written translation.

The jury began deliberating after lunch on April 4, 1995. Later that afternoon, the jurors asked if they could listen to the tape of the conversation. Although the district court expressed some reservations, the court granted the jurors' request and instructed the courtroom deputy to play the tape-recorded conversation for the jury and then remove the tape player from the jury room. There were no objections to the arrangement.

At the end of the day, the jury foreman informed the district court that the jury had not reached a decision and was deadlocked. After a supplemental Allen[1] instruction and brief deliberation, the jury recessed for the day.

The following day, the jury returned and continued deliberations. At mid-morning, the jury again requested that the district court permit the playing of the tape-recorded conversation. Over Ortiz-Trejo's objection, the district court allowed the jury to hear the tape again. The district court found that the jury was "entitled to hear it as many times as they want to because they can obviously review the other exhibits as many times as they want to." (Appellant's Appendix, Tab 5 at 208). A short time later, the jury returned a verdict of guilty.

On appeal, Ortiz-Trejo contends that the district court erred in allowing the jury to rehear for a second time the tape-recorded

---

[1]    Allen v. United States, 164 U.S. 492 (1896).

conversation between himself and Bruno-Marquez, which was conducted in Spanish, with the English translation of the conversation which was admitted into evidence by stipulation. He argues that the Spanish speaking members of the jury improperly influenced the other jurors and that the jury placed undue and improper weight on the tape-recorded conversation, as evidenced by the guilty verdict shortly after the jury heard the tape-recorded conversation for the second time.

"The transmittal of exhibits to the jury is ordinarily a matter within the discretion of the trial court and will not be reversed in the absence of clear prejudice." United States v. De Hernandez, 745 F.2d 1305, 1308 (10th Cir. 1984). The tape of the conversation and the written translation were both admitted into evidence without objection as Government Exhibits 7 and 10, respectively. (Appellant's Appendix, Tab 9 at 98-100). Therefore, we review the district court's decision for an abuse of discretion. Under the abuse of discretion standard, the district court's decision will not be disturbed unless we have a definite and firm conviction that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994).

After careful consideration of the record, we hold that the district court did not abuse its discretion in permitting the jury to hear the tape-recorded conversation a second time. It is true

that the Spanish speaking jurors had the unique advantage of understanding the conversation in Spanish and the opportunity to relay and interpret the conversation during deliberation. However, each juror had a transcript of the conversation in English which could be examined.

Individual jurors bring different skills and backgrounds to the deliberations of juries and, without more, prejudice should not be assumed. See United States v. Rivera, 778 F.2d 591, 600 (10th Cir. 1985) (no prejudice presumed in admission of tapes in Spanish and transcripts in English), cert. denied, 475 U.S. 1068 (1986). "We 'must not permit the integrity of the jury to be assailed by mere suspicion and surmise; it is presumed that the jury will be true to their oath and conscientiously observe the instructions and admonitions of the court.'" Id. (quoting Baker v. Hudspeth, 129 F.2d 779, 782 (10th Cir.), cert. denied, 317 U.S. 681 (1942)). Here, the recorded tape conversation and the written translation thereof, Exhibits 7 and 10, respectively, were admitted into evidence without objection. This court has held that the trial court did not abuse its discretion even in permitting the jury to view unadmitted evidence. See United States v. Scott, 37 F.3d 1564, 1577 (10th Cir. 1994), cert. denied, ___ U.S. ___ (1995) (court did not err in permitting jury to have copy of the indictment in a complex tax fraud conspiracy case, particularly considering the number of overt acts, after instructing that the

indictment was only an accusation and not evidence); <u>Johnston v. Makowski</u>, 823 F.2d 387, 390-91 (10th Cir. 1987), <u>cert.</u> <u>denied</u>, 484 U.S. 1026 (1988) (defendant's due process rights were not violated by the presence of an unadmitted police report referring to an unrelated attempted rape charge where jury did not consider the report during the guilt phase).

**AFFIRMED.**

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge