**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARCO AURELIO CHAVEZ-
HUERTA,

    Defendant-Appellant.

No. 98-2056

(D.C. No. CR-97-443-HB)

(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.

---

A jury convicted Defendant Marco Aurelio Chavez-Huerta of possession with intent to distribute over 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Defendant to sixty-three months imprisonment. On appeal, Defendant claims the district court committed reversible error by allowing the heroin into the jury room during deliberation because the government never offered, and the district court never admitted, the heroin into evidence. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The record reveals that after extensive negotiations between Defendant, another individual, and an undercover narcotics officer for the sale of heroin, federal agents arrested Defendant and the other individual in Las Cruces, New Mexico, for selling approximately six ounces of heroin to the officer.  During Defendant's trial, the district court admitted into evidence, without objection from Defendant, a sample of heroin, labeled Government Exhibit 8, that the undercover narcotics officer obtained from Defendant's consort during the negotiations.  The court also allowed the government while questioning the officer to show the six ounces of heroin to the jury without objection.  The government next introduced the following stipulation into evidence:

> The undersigned stipulate and agree that the following is true and correct:
>
> On July 2, 1997, agents of the U.S. Drug Enforcement Administration seized a total of 150.8 grams net weight of suspected heroin, which is contained in six zip-lock bags contained in a larger zip-lock bag, all of which were contained in a brown/beige bundle.
>
> The parties agree that the suspected heroin was tested by Edwin G. Albers III, a forensic chemist with the Drug Enforcement Administration.
>
> Those tests conclusively revealed that the tested material did, in fact, contain 150.8 grams of the substance, containing a detectable amount of heroin, which is a Schedule I controlled substance.
>
> The parties further agree that a proper chain of custody was maintained for the heroin from the time of the seizure on July 2, 1997, to and through the trial of this case.
>
> The parties agree that such heroin, which is designated as Government's Exhibit 1, is therefore admissible in court without the need to lay further

foundation.

The government, Defendant, and Defendant's attorney, signed the stipulation. The court then instructed the jury: "It's stipulated by the parties. You will accept those as agreed facts." The district court subsequently admitted into evidence, again without objection, five photographs of the heroin labeled Government Exhibits 9, 10, and 11. Exhibit 9 was a photograph of the bundle of heroin at the time of its seizure. Exhibit 10 was two photographs of the bundle of heroin as the federal agents began to unwrap and process it. Exhibit 11 was two photographs of the unbundled heroin contained in six zip-locked bags. The parties agree that the heroin was present during the jury's deliberation.

## II.

Defendant does not contest the sufficiency of the evidence against him. Rather, Defendant argues that the presence of the heroin in the jury room during the jury's deliberation was "so highly prejudicial" that "reversal" of his conviction is warranted.[1] Specifically, Defendant argues that because the government never formally offered the heroin for admission into evidence, and the district court never formally admitted it into evidence, the heroin was improperly placed before the jury even though he stipulated that the heroin was "admissible in court."

Certainly, the preferable approach is for the government to formally offer its real

---

[1] While Defendant seeks reversal of his conviction, assuming we accepted his argument the most he would be entitled to is a new trial. See United States v. Wood, 958 F.2d 963, 966-67 (10th Cir. 1992).

evidence for admission regardless of whether defendant stipulates to its authenticity.  We need not decide in this case, however, whether the heroin was properly in evidence, for we are satisfied that the presence of the heroin in the jury room did not affect the jury's verdict.  Even assuming arguendo that the heroin was not properly before the jury, the evidence of Defendant's guilt is so overwhelming that any error was harmless.[2]

In determining whether the jury's viewing of unadmitted evidence constitutes prejudicial, and thus reversible error, we view the record in its entirety.  United States v. Jaramillo, 98 F.3d 521, 525 (10th Cir. 1996).  In this circuit, the rule is well established that a new trial is warranted if there is the "slightest possibility" that viewing the unadmitted evidence affected the jury's verdict.  E.g., Johnston v. Makowski, 823 F.2d 387, 390-91 (10th Cir. 1987).  On at least three prior occasions we have applied the rule and concluded that because the evidence of defendant's guilt was overwhelming, a jury's viewing of unadmitted evidence did not constitute prejudicial error.  E.g., Jaramillo, 98 F.3d at 525 (copies of Medicaid checks); United States v. Klein, 93 F.3d 698, 702-05 (10th Cir. 1996) (unredacted indictment); United States v. Marx, 485 F.2d 1179, 1184

_____

[2] The admission of the heroin itself was not a necessary prerequisite to Defendant's conviction.  The government need not present direct evidence to support a conviction for possession of a controlled substance so long as circumstantial evidence is sufficient to support the inference that defendant actually possessed the substance. United States v. Baggett, 890 F.2d 1095, 1096 (10th Cir. 1989) (where the government fails to seize substance and analyze its chemical composition, circumstantial evidence may be sufficient to support an inference that defendant possessed a controlled substance).

(10th Cir. 1973) (consent-to-search-form and package of marked money);

In this case, the government's case-in-chief consisted of numerous exhibits and the testimony of three witnesses–the undercover narcotics officer, a member of the surveillance team that arrested Defendant, and the federal agent responsible for monitoring the recording device located on the undercover officer. Defendant did not object to any of the government's evidence and offered no evidence in rebuttal. At trial, the jury listened to taped conversations between Defendant and the undercover narcotics officer in which Defendant arranged the sale of the heroin. Defendant was identified as the immediate source of the heroin. The surveillance team witnessed the sale of the heroin to the officer. The officer testified that Defendant and his consort provided him was a bundle containing a substance believed to be heroin. The price of the heroin, approximately six ounces, was $24,000. Defendant stipulated that the substance was in fact heroin. Testimony at trial further revealed that following his arrest, Defendant provided officers with a statement acknowledging his involvement in the transaction and indicating he was to receive for his efforts $500.00 from his source in Juarez, Mexico. During deliberation, the jury had before it not only the uncontroverted testimony of the three law enforcement officers, but also five pictures of the heroin (marked Government Exhibits 9, 10, and 11) taken at or near the time of Defendant's arrest. Given the overwhelming evidence against Defendant, we do not believe even a "slight possibility" exists that the presence of the heroin in the jury room affected the verdict.

5

Accordingly, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge