Tony Lee **BOWSER**, Petitioner–Appellant,

v.

Bill **BOGGS**, Warden, Rifle Correctional Center, Colorado Department of Corrections, Respondent–Appellee.

No. 92–1187.

United States Court of Appeals, Tenth Circuit.

March 4, 1994.

E. Ronald Beeks, Evergreen, CO, for petitioner-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., and Matthew S. Holman, Asst. Atty. Gen., Crim. Enforcement Section, Denver, CO, for respondent-appellee.

Before HOLLOWAY, BARRETT and McKAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Tony Lee Bowser appeals from the district court's order denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Bowser also applies to this court for a certificate of probable cause. Determining that Bowser raises issues that are debatable, we grant the application. *See Harris v. Allen*, 929 F.2d 560, 561 (10th Cir.1991). We exercise jurisdiction under 28 U.S.C. § 2253, and affirm.

## I

In April 1988, Bowser and another man, James Tevlin, entered a third man's house and some items were stolen. State charges were filed. At trial, Mr. Bowser denied any knowledge of or complicity in the burglary and theft, testifying that he thought his companion was going to do a drug deal with the third man and that he, Bowser, would receive some free drugs in the process. Bowser testified that it was not until he was back sitting in the car that he realized things had been taken from the house by Tevlin. III R. at 32–33. Bowser was found guilty by the jury of second-degree burglary with intent to commit theft in violation of Colo.Rev.Stat. § 18-4-203, and acquitted by the same jury of charges of theft and conspiracy to commit burglary and theft arising out of the same facts.

■ On direct appeal Bowser argued, *inter alia*, that the jury's verdicts were inherently inconsistent. Under Colorado law, verdicts must be consistent if the charges are based on the same evidence. *Robles v. People*, 160 Colo. 297, 417 P.2d 232, 234 (1966) (en banc). In affirming the conviction here, and apparently attempting to harmonize the jury's verdicts, the Colorado Court of Appeals held:

> We conclude, that based on the evidence, the jury could have found that the defendant did not aid, abet, advise, or encourage the other man in the commission or planning of the theft. The jury could have reasonably believed the defendant's testimony that he intended only *to obtain*

drugs from the illegal entry and not other items of personal property. The record shows that defendant did not take any drugs from the house. Thus, there is evidence to support the jury's verdict finding the defendant guilty of burglary as a principal absent the complicitor [sic] theory.

*People v. Bowser*, No. 89CA0671, slip op. at 1–2 (Colo.Ct.App. Aug. 30, 1990) (emphasis added). The Colorado Court of Appeals denied rehearing, with one judge voting to grant the petition, and the Colorado Supreme Court denied certiorari. The instant federal habeas petition followed and was denied.

Bowser appeals, contending that: (1) the Colorado Court of Appeals evaded state inconsistent-verdict law by holding that the verdicts were not inconsistent because "the jury could have reasonably believed the defendant's testimony that he intended only to obtain drugs" and therefore violated his due process right to notice of the charges against him and his constitutional privilege against self-incrimination, Pet'r's br. at 8;[1] and (2) "the state court of appeals' refusal to apply—or even acknowledge the existence of—cited and binding state precedent on closing-argument improprieties violated the petitioner's federal constitutional right to equal protection of the laws, and the prosecutor's improper closing argument denied the petitioner his federal constitutional right to due process in any event," Pet'r's br. at 10.

■ Bowser's petition for habeas relief was denied below, the district judge holding that inconsistent verdicts do not offend the federal constitution and that the prosecutor's closing remarks, while improper, also did not violate the federal constitution because such remarks did not constitute plain error. We review the district court's denial of Bowser's petition for writ of habeas corpus *de novo*. *Sinclair v. Henman*, 986 F.2d 407, 408 (10th Cir.) (citation omitted), *cert. denied*, — U.S. ——, 114 S.Ct. 129, 125 L.Ed.2d 83 (1993).

---

1. With respect to Bowser's claim that the Colorado Court of Appeals violated his privilege against self-incrimination, Bowser, who testified on his own behalf at trial, claims that he would not have testified had the burglary charge involved an intent to "possess" drugs rather than an intent "to steal."

## II

■ The State contends that Bowser has not exhausted his state court remedies as required by 28 U.S.C. § 2254(b).[2] *See also Coleman v. Thompson*, 501 U.S. 722, —— ——, 111 S.Ct. 2546, 2554–55, 115 L.Ed.2d 640 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.") (citations omitted). Alternatively, the State suggests that Bowser procedurally defaulted because he raised his federal constitutional issues for the first time on petition for certiorari to the Colorado Supreme Court.[3] Without elaboration, the district court proceeded to the merits, "declin[ing] to base [its] ruling on exhaustion or procedural default." Order Denying Pet. for Writ of Habeas Corpus at 3. The question of when and how defaults in compliance with state procedural rules can preclude federal court consideration of a habeas petition is itself a federal question. *Osborn v. Schillinger*, 861 F.2d 612, 618 (10th Cir.1988).

■ As a preliminary matter, we observe that Bowser did not use the term "federal" in his petition for rehearing to the Colorado Court of Appeals to describe the nature of the rights allegedly violated by the Colorado state courts. He did, however, refer to "at least three constitutional issues," and to "equal protection of the law," and to his "constitutional right to notice of the charges against him." The federal quality of the rights asserted was sufficiently discernible to fairly apprise the Colorado Court of the federal nature of Mr. Bowser's claims. Defendant need not cite " 'book and verse on the federal constitution.' " *Picard v. Conner*, 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir.1958)); *see also*

*Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir.), *cert. denied sub nom. Nichols v. Tansy*, 490 U.S. 1112, 109 S.Ct. 3169, 104 L.Ed.2d 1031 (1989). "Rather, it is only necessary that the federal claim be 'fairly presented' to the state courts so that they have the first opportunity to hear the claim sought to be vindicated by the federal habeas petition." *Nichols*, 867 F.2d at 1252. We believe Mr. Bowser has satisfied this "fair presentation" requirement as to the claims he now argues to us.

Bowser does not dispute the fact that he asserted some of his federal constitutional claims for the first time in his petition for rehearing to the Colorado Court of Appeals. With respect to the federal constitutional issues arising out of the Colorado Court of Appeals' application of its state's inconsistent-verdict law, and its refusal to apply state law on closing argument improprieties, Bowser correctly argues that the petition for rehearing was his first opportunity to raise these issues. Having raised these issues on petition for certiorari to the Colorado Supreme Court, Bowser has therefore satisfied the exhaustion requirement with respect to these issues.[4]

### III

#### A.

We now turn to Bowser's argument that the Colorado Court of Appeals' evasion of state inconsistent-verdict precedent deprived petitioner of his federal constitutional due process right and his privilege against self-incrimination. He says these wrongs occurred because the Colorado Court of Appeals evaded state precedent by holding he had been convicted of having an intent not charged. For this argument, Bowser relies

---

2. 28 U.S.C. § 2254(b) provides:

   An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

3. The Colorado Supreme Court denied certiorari. *Bowser v. People*, No. 91SC211 (Colo.1991).

4. To satisfy the exhaustion requirement, "it is not necessary for a petitioner 'to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review.' " *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989) (quoting *Brown v. Allen*, 344 U.S. 443, 447, 73 S.Ct. 397, 402, 97 L.Ed. 469 (1953)).

on the Colorado Court's statement that "the jury could have reasonably believed the defendant's testimony that he intended only to obtain drugs." *Bowser*, No. 89CA0671, slip op. at 1.

Generally habeas relief will only be granted to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, under federal law "[c]onsistency in the verdict is not necessary." *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932); *see also United States v. Powell*, 469 U.S. 57, 63, 105 S.Ct. 471, 475, 83 L.Ed.2d 461 (1984); *Harris v. Rivera*, 454 U.S. 339, 346–48, 102 S.Ct. 460, 464–66, 70 L.Ed.2d 530 (1981) (inconsistency in judge's findings as to guilt of parties furnishes no constitutional basis for federal habeas relief from state conviction). The relief which the defendant is afforded is protection against jury irrationality or error by independent review of the sufficiency of the evidence by trial and appellate courts. *Powell*, 469 U.S. at 67, 105 S.Ct. at 478.

■ In reviewing a constitutional challenge to the sufficiency of the evidence to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original) (citation omitted). As discussed below, Bowser's claim concerning the alleged inconsistency of the verdicts focuses also on other related claims of error. Nevertheless, we have reviewed the record evidence and hold that there was sufficient evidence of Bowser's intent to steal to support his conviction for burglary with intent to commit theft under Colorado law.[5]

■ Bowser claims that the Colorado Court of Appeals' evasion of state inconsistent-verdict law deprived him of his due process right to notice of the charges against him and his privilege against self-incrimination. We disagree. The Colorado Court of Appeals' statement that Bowser unlawfully entered the house intending "to obtain drugs" is obviously ambiguous. If correctly taken to mean that Bowser entered the victim's house with the intent merely to *possess* drugs, then Bowser has an argument that he was convicted of a crime not charged and his constitutional right to notice of the charges was infringed. When read in context, however, we feel that the Colorado Court of Appeals used the term "to obtain drugs" to mean "to steal drugs." Consistent with this interpretation, the Court held that "[b]ased on the elements of the offenses charged, the testimony throughout the trial, and the jury's

5. The evidence against Bowser included, *inter alia*, the following: (1) the victim, Jeffrey Smith, testified that the door was closed and locked when he departed on April 22, 1988, although the door had been "jimmied" from a previous burglary, II R. at 29–30; (2) Smith testified that no one had his permission to enter his house on April 22, 1988, except Paul, who was with him, *id*. at 41; (3) Bowser testified that he entered Smith's house with Tevlin on April 22, 1988, III R. at 21–22; (4) Bowser said no effort was required by Tevlin to go in but turning the knob, *id*. at 21; (5) Bowser confessed to the police, after his arrest, that while in Smith's house he at one point looked out of a window, and upon seeing a car arrive in Smith's driveway, yelled to Tevlin that a car was there, II R. at 119; (6) when Bowser and Tevlin discovered that there was a car in the driveway, they fled from Smith's house through a bedroom window, *id*. at 119–120; (7) after fleeing from Smith's house, Bowser and Tevlin asked Smith's neighbor if they could hide in his backyard, *id*. at 49.

Further, the record shows that: (8) Smith testified that when he left his house on April 22, 1988, there were no piles of things on the floor in his living room, *id*. at 31–32; (9) Smith testified that when he returned home and discovered the burglary there were piles of clothing in his living room, *id*. at 32; (10) Bowser confessed to the police that while in Smith's house, he remained in the living room/kitchen area, *id*. at 119; (11) Bowser confessed to the police that he "thought" he left his sunglasses inside Smith's house, *id*. 121; (12) Smith testified that after the incident, when he was shown some items by the officer, he realized his knives, darts and foreign coins were missing, *id*. at 35–38; (13) after the burglary, Smith discovered a pair of sunglasses which did not belong to him in the bedroom dresser where his coin purses had been, *id*. at 32, 38; and (14) the knives, dart set, and coin purses were found in the car in which Bowser was riding when the police arrested him, *id*. at 69–77.

right to assess the credibility of the witnesses, *we decline to hold that the jury verdicts were inconsistent as a matter of law.*" *Bowser,* No. 89CA0671, slip op. at 2 (emphasis added). This holding belies any suggestion that the Colorado Court of Appeals evaded state inconsistent-verdict law, despite any defect in its analysis. Rather, the Colorado Court of Appeals in holding that the verdicts were not inconsistent simply rejected its applicability. We will not second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law. As the Supreme Court recently declared:

> We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' ... Today, we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire,* —— U.S. ——, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) (citations omitted); *see also Lujan v. Tansy,* 2 F.3d 1031, 1036 (10th Cir.1993) (same); *Springer v. Coleman,* 998 F.2d 320, 324 (5th Cir.1993) ("As a Federal Court we may find that the state court's application of state ... law violates due process, but we may not interfere with the state court's application of state law."); *Smith v. McCotter,* 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state supreme court."). Based on the foregoing, the Colorado Court of Appeals' declination to apply its state's inconsistent-verdict law does not run afoul of federal law.

**B.**

■ Bowser also alleges that the prosecutor violated his due process rights by expressing his personal opinions during closing argument.[6] However, federal courts hold no supervisory powers over state judicial proceedings. *Smith v. Phillips,* 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982). As the district court correctly stated, "[t]o raise a federal constitutional question, a prosecutor's statements must be 'so egregious as to render the entire trial fundamentally unfair.' *Soap v. Carter,* 632 F.2d 872[, 876] (10th Cir.1980), *cert. denied,* 451 U.S. 939, 101 S.Ct. 2021, 68 L.Ed.2d 327 (1981)" (quotation and citation omitted). Order Denying Pet. for Writ of Habeas Corpus at 3. Although arguably improper, the prosecutor's repeated use of "believe" and "think" in his closing argument did not "demonstrate [any] improper reliance upon outside evidence, [any] misstatement or misrepresentation of the facts, [or any] prejudice to" Bowser. *Id.* at 4 (citing *Darden v. Wainwright,* 477 U.S. 168, 182, 106 S.Ct. 2464, 2472, 91 L.Ed.2d 144 (1986); *United States v. Young,* 470 U.S. 1, 19, 105 S.Ct. 1038, 1048, 84 L.Ed.2d 1 (1985)). Accordingly, we do not perceive any fundamental unfairness to Bowser or any constitutional violation.

■ As a related argument, Bowser contends that the Colorado Court of Appeals violated his right to equal protection by refusing to apply state law on closing argument improprieties. Specifically, Bowser asserts that the Colorado Court of Appeals violated his equal protection rights by not applying *Wilson v. People,* 743 P.2d 415 (Colo.1987), a case he cites for the proposition that it is plain error for a prosecutor to inject personal

---

**6.** Bowser takes exception to a number of remarks made by the prosecutor during closing argument. These remarks included, *inter alia:*
"Has [the victim] got something to hide? *I don't think so....*" III R. at 93 (emphasis added).
"Now, [the petitioner's] story is that when they get in the house he sits like a church mouse in the front ..., just waiting for his free dope, while Mr. Tevlin is messing around in the bedroom. *I don't think* that's what the evidence shows...." *Id.* at 93–94 (emphasis added).

"And if you think all of [a] sudden he's got a change of heart and now he is going to walk in court and tell you really what happened *I think you're buying a bill of goods.*" *Id.* at 121 (emphasis added).
"It's too wrapped up, it's too packaged to be believed. And *I think* that's the bottom line in this case. *I think* once they got into the house the burglary began to happen and he knew it, saw it, he encouraged, he aided, advised, he aided and abetted and advised in the commission of that." *Id.* at 123 (emphasis added).

opinions during closing argument to reflect on the credibility of witnesses or the defendant's guilt.

Essentially, Bowser is attempting to re-package a claim of error by a state court, in applying state law, as a federal constitutional claim by using the talismanic term "equal protection." His argument is unavailing and not a basis for federal habeas relief. *See Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *see also Smith v. McCotter*, 786 F.2d at 700.[7] We are not persuaded that Bowser presents a record showing a denial of due process under the applicable narrow standard of review for due process claims. *See Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986).

**AFFIRMED.**

---

**7.** While we will not speculate as to why the Colorado Court of Appeals elected not to apply *Wilson*, we do note that *Wilson* is clearly distinguishable from the instant case. In *Wilson*, a case involving sexual assault of a child, the Colorado Supreme Court found that the prosecutor's closing argument "so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction." *Wilson*, 743 P.2d at 421. There the prosecutor in the initial phase of closing argument "repeatedly stated that the defendant and his wife 'lied' in their testimony," *id.* at 417, and "the prosecutor expressed his personal belief that [the young victim] was telling the truth." *Id.* In the instant case, however, the Colorado Court of Appeals found that "[t]he record reflects that the prosecutor's comments related to the weight to be given to the conflicting evidence" and that the prosecutor's comments did not "substantially influence the jury's verdict". *Bowser*, No. 89CA0671, slip op. at 3.