36 F.3d 1105
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby Lee CASS, Petitioner,
v.
Bobby BOONE and Attorney General of the State of Oklahoma,
Respondents.
 No. 94-7022.
 United States Court of Appeals, Tenth Circuit.
 Sept. 22, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Bobby Lee Cass appeals the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C.2254. He contends that the district court erred by: (1) failing to make an independent finding that his claimed trial error was harmless beyond a reasonable doubt, and (2) refusing to excuse his procedural default due to a change in the law. Additionally, for the first time in this appeal, he also argues cause due to ineffective assistance of counsel. We affirm.
 
 
 3
 Mr. Cass contends that a jury instruction, neither objected to at trial nor included in his direct appeal, impermissibly shifted the burden of proof, since it required him to show he was not guilty beyond a reasonable doubt.[2] Apparently, after his direct appeal was filed, the United States District Court for the Eastern District of Oklahoma granted habeas relief to another petitioner based on an allegedly identical instruction.[3]
 
 
 4
 Shortly after his conviction and sentence were affirmed on direct appeal, Cass filed a pro se habeas petition in state court, raising the improper jury instruction as his sole issue, claiming a change in the law (the federal district court ruling in another case) prevented him from including the error in his direct appeal. See Order Affirming Denial of Post-Conviction Relief, Supp. R. Vol. I, Tab 7, Entry 1. Finding no fundamental error and noting that Cass had not established the claimed change in the law, including Cass's omission of any citation to or copy of the federal district court case upon which he relied, the Oklahoma court of criminal appeals denied relief on state procedural grounds: failure to raise the issue on direct appeal. Id. Cass then filed this petition.
 
 
 5
 We review the district court's denial of a petition for habeas relief de novo. Bowser v. Boggs, 20 F.3d 1060, 1062 (10th Cir.), petition for cert. filed (U.S. Jun. 1, 1994) (No. 93-9431). We do not address federal habeas claims that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and actual prejudice or a fundamental miscarriage of justice is shown. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). Moreover, this rule applies "even in cases in which the alleged constitutional error impaired the truthfinding function of the trial." Id. at 747 (citing Engle v. Isaac, 456 U.S. 107 (1982) (barring review sought for jury instruction which placed burden of proving self defense on defendant)).
 
 
 6
 Despite the procedural bar, Cass attempts to show cause due to a change in the law as contemplated by Reed v. Ross, 468 U.S. 1, 16 (1984). We agree with the district court's rejection of this argument. The cited instruction may be confusing, but a district court opinion in another case did not change the law on burden of proof and any deficiency in the instruction could have been recognized and raised on direct appeal. Further, Mr. Cass made no showing of actual prejudice or fundamental miscarriage of justice. Having correctly determined that Cass satisfied none of the requirements for overcoming his procedural default, the district court properly denied his petition without making findings on the merits. We find no error in the district court's ruling.
 
 
 7
 For the first time on appeal, in his brief to this court, Mr. Cass also raises the issue of ineffective assistance of counsel. Even if this issue had been properly exhausted in the state courts, we would not hear this new argument which was not presented to the district court. Cannon v. City & County of Denver, 998 F.2d 867, 878 (10th Cir.1993).
 
 
 8
 For the reasons stated, we AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 According to Cass' brief to the district court, the complained-of instruction provided:
 You are therefore instructed that you should [sic] find from the law and evidence, beyond a reasonable doubt, that the Defendant Bobby Lee Cass, is guilty of the offense of burglary second degree then you shall so find by your verdict of guilty.
 However, should you find the defendant, Bobby Lee Cass, not guilty of the offense of burglary second degree, beyond a reasonable doubt from all the evidence presented, or should you entertain a reasonable doubt, then in either of the said latter events, you shall find the defendant not guilty and so state by your verdict.
 Supp. R. Vol. I, Tab 2 at 3.
 
 
 [3]
 The district court's order recites the fact that an unpublished opinion from that court granted the relief noted. See Order, R. Vol. I, Tab 8 at 2 (citing Williams v. Reynolds, CIV 91-064-S). However, the record contains no copy or date for that opinion