52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eddie JACKSON, Petitioner-Appellant,
v.
Janet RENO, Respondent-Appellee.
 No. 94-1578.
(D.C. No. 94-Z-1829)
 United States Court of Appeals, Tenth Circuit.
 April 18, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Eddie Jackson, an inmate of the Federal Correctional Institution, Englewood, Colorado, appearing pro se and in forma pauperis, appeals from the Order of Dismissal entered by the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241, without prejudice, and granting him leave to file a motion under 28 U.S.C. 2255 in the United States District Court for the Eastern District of Michigan.
 
 
 3
 Jackson filed this 2241 action challenging the constitutionality of his 1986 drug conspiracy conviction in the United States District Court for the Eastern District of Michigan, which was affirmed on appeal. See United States v. Jackson, 818 F.2d 867 (6th Cir.), cert. denied, 484 U.S. 933 (1987). Thereafter, Jackson appealed from a denial of his motion to correct illegal sentence, which was affirmed in United States v. Jackson, 869 F.2d 1494 (6th Cir.1989), a motion to vacate, which was affirmed in Jackson v. United States, 890 F.2d 416 (6th Cir.1989), and from his second motion to vacate, affirmed in Jackson v. Thornburgh, 930 F.2d 918 (6th Cir.1991).
 
 
 4
 The matter was referred to United States Magistrate Judge Richard M. Borchers, who concluded that Jackson's 2241 application for a writ of habeas corpus could not be entertained because there was no showing by Jackson that his 2255 remedy is inadequate or ineffective. In his objection to the Magistrate Judge's Recommendation, Jackson objected to the "Magistrate's characterization that his Writ of Habeas Corpus under Title 28, U.S.C. 2241(c)(3) and 1651(A) is based upon a claim of double jeopardy," (R., Vol. I, Tab 10, p. 2), and that Jackson was charged "at trial" with acts which were not contained in the grand jury indictment, whereas the amending and redacting of the indictment was "... done outside the province of the Grand Jury before trial which resulted in Petitioner being tried on a conspiracy charge created in the hallway of the court room building, rather than after the presentation to the Grand Jury." Id. at 3.
 
 
 5
 On appeal, Jackson contends that: (1) the district court abused its discretion in denying jurisdiction under the writ of Habeas Corpus under Title 28 U.S.C. 2241(c)(3) and 1651(A) under the All Writs Act, et al.; (2) 28 U.S.C. 2241(c)(3) does apply to this case because of an abolition of the original sentencing court; (3) the district court exceeded its jurisdictional authority; (4) prosecutorial misconduct caused a complete denial of his right to counsel at trial; (5) the prosecuting attorney violated his duty to notify the trial court (in Michigan) when perjury permeated the Grand Jury, the Trial Jury and the Indictment; and (6) there was no impartial decision making at this trial.
 
 
 6
 We review a district court's order denying a petition for issuance of a writ of habeas corpus do novo. See Bowser v. Boggs, 20 F.3d 1060, 1062 (10th Cir.), cert. denied, 115 S.Ct. 313 (1994).
 
 
 7
 We AFFIRM substantially for the reasons set forth in the "Recommendation of United States Magistrate Judge" filed September 26, 1994, and the "Order of Dismissal" entered by the district court on December 5, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470