72 F.3d 139
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roy JEFFERY WHITEHEAD, Petitioner-Appellant,
v.
K. ODEN, Superintendent; Gale Norton, Attorney General of
the State of Colorado, Respondents-Appellees.
 No. 94-1532.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1995.
 
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,** District Judge.
 BRISCOE, Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Roy Jeffery Whitehead, appearing pro se, appeals from the denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. 2254. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 3
 Whitehead filed this habeas petition to challenge Colorado convictions of first-degree sexual assault, second-degree kidnapping, and felony menacing. He asserts three claims of error: (1) the trial court improperly shifted the burden of proof to him through ambiguous jury instructions; (2) prosecutorial misconduct made the trial fundamentally unfair; and (3) his trial counsel was constitutionally ineffective. The district court rejected these claims, finding that defense counsel agreed to the language contained in the jury instructions, that the instructions given clearly placed the burden of proof upon the prosecution, that the alleged prosecutorial misconduct was not so prejudicial as to make the trial unfair, and that defense counsel's performance was not constitutionally deficient.
 
 
 4
 We review the denial of habeas relief de novo. Bowser v. Boggs, 20 F.3d 1060, 1062 (10th Cir.), cert. denied, 115 S.Ct. 313 (1994). Having carefully reviewed the briefs and the record on appeal, we find that the district court appropriately rejected Whitehead's claims of error.
 
 
 5
 We turn first to Whitehead's claim of ineffective assistance of counsel. Because he failed to pursue this claim in the Colorado state courts, federal habeas review of this claim is barred unless he can demonstrate cause for his failure to exhaust state remedies and actual prejudice as a result of the alleged ineffective assistance of counsel, or that our failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Assuming, as did the district court, that Whitehead has demonstrated cause for failure to exhaust, we find that defense counsel's performance was not constitutionally deficient.
 
 
 6
 To prove a claim of ineffective assistance of counsel, petitioner must demonstrate that defense counsel's failings were so serious that he did not receive a fair trial. See Strickland v. Washington, 466 U.S. 668, 689 (1984). Judicial review of an attorney's performance "must be highly deferential." Id. Accordingly, petitioner must show that defense counsel's performance was not reasonable under all of the circumstances, see id. at 688, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.
 
 
 7
 Whitehead does not meet this demanding standard. At trial, his defense to the charges was consent, not misidentification or alibi. The victim admitted she went with Whitehead to his car to do some cocaine. Her testimony was that Whitehead drove to a secluded place and forced her at gunpoint to have sex with him. Whitehead's testimony was that the victim offered to have sex with him after accepting cocaine from him. The jury was faced with the choice of believing either Whitehead or the victim.
 
 
 8
 Whitehead's attorney argued the case strenuously from beginning to end. He disputed discovery matters, challenged venue, cross-examined prosecution witnesses, examined defense witnesses, entered objections, argued jury instructions, and moved for judgment of acquittal or a new trial. Despite Whitehead's numerous allegations of attorney error, he has failed to demonstrate that his attorney was not "functioning as the 'counsel,' " id. at 687, or that this court should not have confidence in the outcome of the trial, id. at 694. We find that Whitehead has failed to demonstrate any actual prejudice as a result of alleged errors.
 
 
 9
 Turning to Whitehead's remaining claims of error, we likewise find them to be without merit. Whitehead argues three of the jury instructions should have read: "[I]f you decide the prosecution has failed to prove any [not each ] of the elements beyond a reasonable doubt, you should find the defendant not guilty of [the crime charged]." See Petitioner's Br. at 15. However, Whitehead's counsel raised this question while the jury was being instructed, and the district court specifically addressed it, admonishing the jury that the prosecution was required to prove each and every element of a crime charged before the jury could find Whitehead guilty of that crime. Moreover, having reviewed the instructions in their entirety, we find they are not ambiguous when read as a whole. See Donnelly v. DeChristoforo, 416 U.S. 637, 645 (1974). Thus, we reject Whitehead's argument that the burden of proof was improperly shifted to him at trial.
 
 
 10
 Finally, we find that Whitehead's claims of prosecutorial misconduct fail to meet the high standard required for such claims. See Darden v. Wainwright, 477 U.S. 168, 181 (1986) (holding defendant must show trial was made fundamentally unfair and a denial of due process).
 
 
 11
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470