**UNITED STATES COURT OF APPEALS**
**Filed 4/10/96**                                    **TENTH CIRCUIT**

TORREY ALLEN FETHEROLF,                )
                                       )
      Plaintiff-Appellant,         )
                                       )
v.                                     )          No. 95-3270
                                       )          (D.C. 95-CV-3268)
WILLIE SCOTT, Warden                   )          (District of Kansas)
                                       )
      Defendant-Appellee.          )

_____

**ORDER AND JUDGMENT**[*]

_____

Before BRORBY, EBEL, and HENRY, Circuit Judges.

_____

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this appeal.  See

Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without

oral argument.

Pro se plaintiff-appellant Torrey Allen Fetherolf appeals the district court's order

dismissing without prejudice his petition for writ of habeas corpus under 28 U.S.C. § 2241.  Also

before the court are Mr. Fetherolf's motion for leave to proceed on appeal without payment of

costs or fees and his motion for leave to file a supplemental brief.  We exercise jurisdiction under

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

28 U.S.C. § 1291 and § 1915.  We grant Mr. Fetherolf's motion for leave to file a supplemental brief, see Fed. R. App. P. 28(c), and his request for leave to proceed in forma pauperis on appeal, see 28 U.S.C. § 1915(d); Fed. R. App. P. 24(a); Coppedge v. United States, 369 U.S.  438, 446-48 (1962); Ragan v. Cox, 305 F.2d 58, 59-60 (10th Cir. 1962).  For substantially the same reasons set forth by the district court, we affirm its dismissal of his petition for writ of habeas corpus.

Mr. Fetherolf is a prisoner in the United States Penitentiary in Leavenworth, Kansas.  He is serving a sentence imposed by the United States District Court for the District of Utah.  He brought this action under 28 U.S.C. § 2241 in the United States District Court for the District of Kansas, challenging the validity of his conviction and seeking "release[] from custody and the indictment, judgement [sic] and commitment declared null and void and dismissed with prejudice."  Aplt's Pet. for Writ of Habeas Corpus at 15.  The district court allowed Mr. Fetherolf to proceed in forma pauperis.  Nevertheless, it found that he could not bring his action pursuant to 28 U.S.C. § 2241 because he had not demonstrated that 28 U.S.C. § 2255 was inadequate to test the legality of his detention; the district court therefore dismissed his action without prejudice to allow him to proceed under § 2255.  See Dist. Ct. Order of July 25, 1995, at 2.  The district court also found Mr. Fetherolf's appeal "legally frivolous and . . . not taken in good faith" and denied him leave to proceed in forma pauperis on appeal.  See Dist. Ct. Order of August 31, 1995, at 1.  Mr. Fetherolf filed his notice of appeal on August 17, 1995.  On October 2, 1995, he filed a motion with this court for leave to proceed in forma pauperis, and on November 6, 1995, he filed a motion with this court for leave to file a supplemental brief.

2

We review the district court's denial of Mr. Fetherolf's habeas corpus petition de novo. Bowser v. Boggs, 20 F.3d 1060, 1062 (10th Cir.), cert. denied, 115 S. Ct. 313 (1994). In his original and supplemental briefs, Mr. Fetherolf argues that he should be allowed to proceed under 28 U.S.C. § 2241 because "§ 2255 is inadequate and ineffective to provide for [his] immediate release from restraint of [his] 'liberty interests' in violation of the Constitution and law of the United States." Aplt's Supp. Br. at 9. 28 U.S.C. § 2255 prohibits the district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. If § 2255's remedy does not effectively test the legality of a prisoner's confinement, then the prisoner may proceed with a petition for a writ of habeas corpus pursuant to § 2241. See Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964).

Mr. Fetherolf has failed to meet § 2255's requirements to proceed under § 2241. He has not applied to the U.S. District Court for the District of Utah, the sentencing court, for relief from his sentence. In addition, nothing in the record leads us to conclude that the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. Because the remedies Mr. Fetherolf seeks are available in the district in which he was sentenced, the Kansas district court was correct in declining to exercise jurisdiction over Mr. Fetherolf's petition.

Mr. Fetherolf's request to file a memorandum regarding his motion for release pendent

lite is granted. The motion for release is denied. Mr. Fetherolf's motion for leave to proceed on appeal in forma pauperis is GRANTED; his motion for leave to file a supplemental brief is GRANTED; and his appeal from the district court's order dismissing without prejudice his petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED.

Entered for the Court,

Robert Henry
Circuit Judge