# UNITED STATES COURT OF APPEALS

Filed 4/18/96

## TENTH CIRCUIT

---

ALLEN JAMES STARKS,

    Plaintiff-Appellant,

v.

PATRICK WHALEN, Warden,

    Defendant-Appellee.

No. 95-1376
(D.C. No. 95-K-375)
(Dist. Colo.)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Allen James Starks filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging federal prison officials denied him due process when they found him guilty of prison regulation charges. The district court adopted

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

the magistrate's recommendation to dismiss the petition on the grounds that Mr. Starks did not have a protected liberty interest in remaining free from disciplinary segregation or in being confined in any particular institution. Mr. Starks appeals, and we affirm.

We review a district court's order denying a petition for issuance of a writ of habeas corpus de novo. Bowser v. Boggs, 20 F.3d 1060, 1062 (10th Cir.), cert. denied, 115 S. Ct. 313 (1994). The Due Process Clause requires Mr. Starks to first assert the infringement of a protected liberty interest. Kentucky Dep't. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). A protected liberty interest may arise from either the Due Process Clause itself or from the laws of a State. Id. Disciplinary segregation does not implicate a protected liberty interest under the Due Process Clause itself. Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). Nor does the Due Process Clause itself create a protected liberty interest in Mr. Starks' being "placed in any particular prison." Meachum v. Fano, 427 U.S. 215, 225 (1976). Moreover, the Supreme Court has held that generally a prisoner's "discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin, 115 S. Ct. at 2300-01.

Mr. Starks raises additional factual and legal issues for

the first time on appeal which we decline to consider.  See <u>Oyler</u>

<u>v. Allenbrand</u>, 23 F.3d 292, 299 n.8 (10th Cir. 1994).

Accordingly, we AFFIRM substantially for the reasons given

by the magistrate and adopted by the district court.  The mandate

shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge