**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 14, 2006**

**TENTH CIRCUIT**

JOHN WESLEY BOLTON,

Petitioner - Appellant,

v.

ERIC FRANKLIN; THE ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents - Appellees.

No. 06-6132

W. Dist. Okla.

(D.C. No. CIV-05-1205-HE)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

John Wesley Bolton was convicted in Oklahoma state court of trafficking in

illegal drugs. His conviction was affirmed by the Oklahoma Court of Criminal

Appeals (OCCA). Mr. Bolton filed an application for postconviction relief in

state court, and the OCCA denied relief. On October 14, 2005, Mr. Bolton filed a

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

habeas application under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. The magistrate judge recommended denying his application, and on March 28, 2006, the district court did so. Mr. Bolton filed a notice of appeal on March 31, and now requests a certificate of appealability (COA) from this court, *see* 28 U.S.C. § 2253(c)(1) (requiring COA). We deny a COA.

Mr. Bolton challenges the district court's ruling on two grounds. First, he contends that his constitutional rights to due process and equal protection were violated when the state trial court enhanced his sentence based on a prior felony manslaughter conviction, felony robbery conviction, and misdemeanor marijuana conviction. Second, he contends that his trial counsel was ineffective for failing to challenge the use of the prior convictions to enhance his sentence.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*.

## I. IMPROPER ENHANCEMENT

The magistrate judge recommended rejecting Mr. Bolton's improper-enhancement claim on the ground that a misapplication of state law cannot support federal habeas relief. We agree. "We will not second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law." *Bowser v. Boggs,* 20 F.3d 1060, 1065 (10th Cir. 1994). And to the extent that Mr. Bolton is arguing based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that his federal due-process rights were violated by the allegedly improper enhancement based on his prior convictions, the argument is without merit. *See United States v. Booker*, 543 U.S. 220, 231 (2005) ("We held [in *Apprendi*]: '*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" (emphasis added)).

Additionally, insofar as Mr. Bolton is asserting an equal-protection claim, he has offered no factual or legal support, nor even a coherent argument on the point. No reasonable jurist could dispute the district court's denial of this claim.

## II. INEFFECTIVENESS

The magistrate judge recommended rejecting Mr. Bolton's ineffectiveness claim on the ground that in state postconviction proceedings Mr. Bolton "had asserted the same theory [related to enhancement of his sentence with the prior

convictions] and the OCCA rejected the claim on the merits." (Rep. and Recommendation at 6, Feb. 28, 2006.) The OCCA had indeed rejected an appellate-counsel-ineffectiveness claim related to the sentence enhancement because the improper-enhancement claim itself was meritless:

> We note that Petitioner's sentence, as assessed in this case, was within the proper range for the offense charged. We also find no merit in Petitioner's claim that his conviction was improperly enhanced by his misdemeanor drug conviction. The record presented to this Court does not support such a conclusion. With regard to Petitioner's claim of ineffective assistance of appellate counsel, we agree with the District Court's conclusion that the underlying claim upon which Petitioner bases his claim of ineffective assistance of appellate counsel is without merit, therefore counsel was not ineffective for failing to raise the issue.

R. Doc. 15 Ex. 4 at 3-4. The OCCA also stated that "Petitioner had two (2) prior felony convictions that were properly considered by the District Court in imposing Petitioner's sentence." R. Doc. 15 Ex. 4 at 3. Again, we will not second guess a state court's interpretation of its own law on habeas review. *See Bowser,* 20 F.3d at 1065. Given the OCCA's ruling rejecting on the merits Mr. Bolton's claim that his conviction was improperly enhanced, he was not prejudiced by his state-court attorney's failure to raise the claim. Accordingly, his ineffectiveness claim must fail. *See United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995) (counsel is not ineffective for failing to raise meritless claims). No reasonable jurist would decide otherwise.

We DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge